PAXTON *et al.* v. BROGAN *et al.* ·

(*Supreme Court, General Term, First Department.* December 29, 1890.)

WILLS—PROBATE—ESTOPPEL—ACCEPTING LEGACY UNDER FORMER WILL.

　　After probate of a will, and issue of letters testamentary thereon, a later will of the same testator was presented, and application made for revocation of the former probate by one named as executor in the later will, who was also residuary devisee and legatee under both. *Held*, that the fact that he had received part of the estate, and other benefits under the first will, was not ground for an action by the executors therein to restrain his proceedings for probate of the later will. Affirming 10 N. Y. Supp. 303.

Appeal from special term, New York county.

Action by Daniel Paxton and James B. Hackett, individually and as executors of John Patterson, deceased, against George W. Patterson, Eliza Brogan, and others. Defendant Brogan demurred to the complaint. Plaintiff appeals from an interlocutory judgment sustaining the demurrer. For that opinion, see 10 N. Y. Supp. 303. For proceedings in surrogate's court, see 8 N. Y. Supp. 872.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Booraem, Hamilton & Beckett,* (*William H. Hamilton,* of counsel,) for appellants.  *Christian G. Moritz,* (*William G. Choate,* of counsel,) for respondent.

DANIELS, J.  John Patterson, at the time of his decease, left two instruments executed as his last wills.  The first is dated on the 18th of April, 1888, and the last on the following day.  The first has been admitted to probate by the surrogate of the county of New York, and letters testamentary issued to the plaintiffs, who are the executors named in that will.  The second has been presented for probate by the defendant George W. Patterson, one of the executors named therein, and he has also applied for the revocation of the probate of the preceding instrument.  This action has been brought to restrain those proceedings, for the reason that the defendant George W. Patterson, who is named as residuary devisee and legatee in both instruments, has received part of the estate, together with other benefits, under the first will.  The defendant Eliza Brogan, who is a legatee, has demurred to the complaint, assigning as one of the grounds for her demurrer that the complaint fails to state facts to present a cause of action.  This defendant, as well as other persons, are entitled to legacies under the will proposed to be proved; and, as the principle invoked by the complaint has no application to them, it was the duty of the defendant named as executor to present the instrument for probate, for their benefit, and to prove and establish it as a will, if that can be done.  To the surrogate, also, the jurisdiction has been given to take proof of the instrument as a will, and this jurisdiction is in its nature exclusive.  It is the right of all persons interested in the estate that the instrument shall be proved, and they cannot be deprived of that right by reason of any preceding act of the person named as an executor; and when the proper proof has been given it is imperative on the surrogate that the instrument must be admitted and established as a will.  Code Civil Proc. §§ 2472, 2614, 2623.  While the principle relied upon to support the action is extremely well settled, it has no application to the proceeding taken for the proof of this will; and, if it shall be proved, then it necessarily will supersede the proof of the preceding will, and annul the letters issued under it to the plaintiffs as executors.  The action is wholly without support, there being nothing sustaining it even in *Re Soule,* 3 N. Y. Supp. 259, and the judgment should be affirmed, with costs.

All concur.