In re BLAIR.

(Supreme Court, Appellate Division, First Department. March 23, 1900.)

1. EXECUTORS—ACCOUNTING—EXPENSES—ATTORNEY'S FEES—PAYMENT.
    Code Civ. Proc. § 2726, authorizes the surrogate's court to compel an executor, whose letters of administration have been revoked, to account. Section 2729 requires him to produce vouchers for all disbursements made for the estate. Section 2730 provides that he may charge his necessary expense, actually paid out, without filing vouchers therefor. *Held* that, where an executor has not paid a bill for attorney's services rendered for the estate, he cannot charge the amount against the estate, as an expenditure.

2. SAME—PAYMENT AFTER REMOVAL.
    Where an executor, after his letters have been revoked, gave his note to an attorney in payment for services performed for the estate, he cannot charge the amount of such note to the estate, as he had no authority to bind the estate after his removal.

Appeal from surrogate's court, New York county.

Judicial settlement of the accounts of William Blair as executor of the estate of Lewis R. Blair, deceased. From a decree of the surrogate's court settling the accounts of the executor (59 N. Y. Supp. 1090), William E. Blair and others appeal. Modified and affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

A. B. Porter, for appellants.

Rastus S. Ransom, for respondent.

INGRAHAM, J. It appeared that Lewis R. Blair died, leaving an instrument which purported to be a last will and testament, which

William Blair, the respondent, who was named therein as executor, presented for probate as the last will and testament of the deceased. Objections were filed by the appellants, but such objections were overruled by the surrogate, the instrument was admitted to probate, and letters were issued to the respondent. Upon an appeal to the general term of the supreme court, the decree of the surrogate was reversed, and the probate denied. 84 Hun, 581, 32 N. Y. Supp. 845. From this judgment of the general term the respondent, as executor, appealed to the court of appeals, where the judgment of the general term was affirmed. 152 N. Y. 645, 46 N. E. 1145. Subsequent to the decision of the court of appeals, the surrogate's court revoked the letters testamentary to the respondent. Thereupon, and on April 8, 1897, the respondent presented his accounts to the surrogate's court. To that account objections were filed by the appellants. The matter was referred to a referee, and upon his report a decree was entered by the surrogate settling the accounts, from which the contestants appeal.

The only question at issue is as to the allowance by the surrogate of the sum of $4,850 for legal services rendered to the executor in the probate proceeding, and on appeal by counsel employed by him. It seems that at the time the instrument was presented for probate the proponent employed an attorney at law to represent him, who appeared before the surrogate and conducted the proceedings which resulted in the admission of the will to probate. Upon appeal by the contestants to the general term, this gentleman represented the executor, and that appeal resulted, as before stated, in a reversal of the decree admitting the will to probate, and a denial of the probate. During this time the legal adviser was paid the sum of $2,150. The respondent claimed that there was due his attorney the additional sum of $4,850, which was alleged to be an indebtedness of the respondent. This sum was, however, not placed in the accounts as having been paid. Upon that fact appearing, the referee held that he could only allow for the amounts that had actually been paid by the respondent; and after this ruling the executor was allowed to file a supplemental account, in which he alleged that this sum of $7,050 had been actually paid by him. Upon the evidence before the referee, it appeared that this payment to the attorney had been made by the respondent by the delivery to him of a promissory note of the respondent, indorsed by the respondent's wife, which was received by the attorney in full payment of the claim against the respondent. The giving of this note by the respondent after his first account had been filed was treated by the referee and the surrogate as a payment of the account. Testimony was taken as to the value of the services rendered by the attorney to the respondent as executor, and the referee found that the reasonable value of the services rendered by the attorney was $4,850, which amount was allowed to the executor as moneys paid by him on account of the estate; and the question upon this appeal is as to the right of the surrogate to allow to the respondent, upon accounting as executor, more than $2,150, the amount actually paid by him during the time that he was executor.

By section 2726 of the Code it is provided that:

"The surrogate's court may, from time to time, compel a judicial settlement of the account of an executor or administrator * * * where letters issued to him have been revoked, or, for any other reason, his powers have ceased."

Section 2729 provides that:

"To each account filed with the surrogate, as prescribed in this article, must be appended the affidavit of the accounting party, to the effect that the account contains, according to the best of his knowledge and belief, a full and true statement of all his receipts and disbursements on account of the estate of the decedent. * * * On an accounting by an executor or administrator, the accounting party must produce and file a voucher for every payment, except in one of the following cases."

And section 2730 provides:

"In all cases such allowance must be made for their [executors'] necessary expenses actually paid by them as appears just and reasonable."

There is no provision by which, upon an accounting of an executor or administrator, any allowance can be made for obligations incurred by him in the management of the estate, and which had not been actually paid when the account was presented, and before the letters had been revoked. Upon an accounting by such executor, there can only be allowed to him the payment actually made, and for which vouchers are presented. Here it is quite apparent that this attorney's bill was never paid, unless the giving of the note can be considered such a payment. In the original account it was presented and sought to be justified as a liability incurred by the executor. Upon its appearing that it had not been actually paid by him, but was simply a liability of his to the attorney employed, it was, in effect, held that without such actual payment it could not be allowed. He then gave his individual note, indorsed by his wife, to the creditor, and took a receipt from the attorney, stating that such note was received in full payment of the account. But it is quite evident that the giving of this note was an afterthought, to avoid the ruling of the referee that payment must be proved. The respondent's obligation to the attorney was a personal obligation, for which the attorney could not hold the estate. The authority of the executor to make any payment on account of the estate, or to act for the estate, ended upon the revocation of the letters testamentary, and the account was to be settled as of the time of such revocation. All payments for which he was entitled to credit upon his accounting must have been payments made by him while executor.

We agree with the surrogate as to the other questions discussed by him, but his decree must be modified by charging to the respondent, in addition to the amount before charged, the sum of $2,700; and, as thus modified, the decree is affirmed, without costs in this court. All concur.