In the Matter of the Judicial Settlement of the Accounts of WILLIAM BLAIR, as Executor, etc., of LEWIS R. BLAIR, Deceased.

WILLIAM E. BLAIR and Others, Contestants, Appellants; WILLIAM BLAIR, as Executor, etc., Respondent.

*Revocation of letters testamentary — an obligation paid by the executor's outstanding promissory note is not allowable to him on his accounting.*

An executor, whose letters testamentary have been revoked after a decree admitting the will to probate has been reversed, is not entitled upon his accounting to an allowance for obligations incurred by him in the management of the estate, which have not been actually paid when his account is presented and before the letters are revoked.

Where the referee appointed to state the account refuses to allow a bill for legal services rendered to the executor which has not been actually paid, and the executor then delivers to the attorney who rendered the services a promissory note made by him and indorsed by his wife, which is received by the attorney in full payment of his claim, the executor is not entitled to be allowed the amount of the promissory note upon a supplemental accounting.

APPEAL by the contestants, William E. Blair and others, from a decree of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 24th day of November, 1899, settling the accounts of William Blair, as executor, etc., of Lewis R. Blair, deceased, except from so much of said decree as allows $310 as costs to the contestants, with notice of an intention to bring up for review upon such appeal two intermediate orders entered in said Surrogate's Court on the 15th day of September, 1899, and the 4th

day of November, 1899, confirming the referee's reports and over-ruling the contestants' objections.

*A. B. Porter*, for the appellants.

*Rastus S. Ransom*, for the respondent.

INGRAHAM, J.:

It appeared that Lewis R. Blair died leaving an instrument which purported to be a last will and testament and which William Blair, the respondent, who was named therein as executor, presented for pro-bate as the last will and testament of the deceased. Objections were filed by the appellants, but such objections were overruled by the surrogate; the instrument was admitted to probate and letters were issued to the respondent. Upon an appeal to the General Term of the Supreme Court the decree of the surrogate was reversed and the probate denied. (84 Hun, 581.) From this judgment of the General Term the respondent, as executor, appealed to the Court of Appeals, where the judgment of the General Term was affirmed. (152 N. Y. 645.) Subsequent to the decision of the Court of Appeals the Surrogate's Court revoked the letters testamentary to the respond-ent. Thereupon, and on April 8, 1897, the respondent presented his accounts to the Surrogate's Court. To such accounts objections were filed by the appellants and the matter was referred to a referee, and, upon his report, a decree was entered by the surrogate settling the accounts, from which the next of kin appeal.

The only question at issue is as to the allowance by the surrogate of the sum of $4,850 for legal services rendered to the executor in the probate proceeding and on appeal by counsel employed by him. It seems that, at the time the instrument was presented for probate, the proponent employed an attorney at law to represent him, who appeared before the surrogate and conducted the proceedings which resulted in the admission of the will to probate. Upon appeal by the contestants to the General Term this gentleman represented the executor, and that appeal resulted, as before stated, in a reversal of the decree admitting the will to probate and a denial of the probate. During this time the legal adviser was paid the sum of $2,150. The respondent claimed that there was due his attorney the addi-tional sum of $4,850, which was alleged to be an indebtedness of

the respondent. This sum was, however, not placed in the accounts as having been paid. Upon that fact appearing, the referee held that he could only allow for the amounts that had actually been paid by the respondent, and, after this ruling, the executor was allowed to file a supplemental account, in which he alleged that this sum of $7,050 had been actually paid by him. Upon the evidence before the referee it appeared that this payment to the attorney had been made by the respondent by the delivery to him of a promissory note of the respondent, indorsed by the respondent's wife, which was received by the attorney in full payment of the claim against the respondent. The giving of this note by the respondent after his first account had been filed was treated by the referee and the surrogate as a payment of the account. Testimony was taken as to the value of the services rendered by the attorney to the respondent as executor, and the referee found that the reasonable value of the services rendered by the attorney was $4,850, which amount was allowed to the executor as moneys paid by him on account of the estate; and the question upon this appeal is as to the right of the surrogate to allow to the respondent upon accounting as executor more than $2,150, the amount actually paid by him during the time that he was executor.

By section 2726 of the Code of Civil Procedure it is provided that " the Surrogate's Court may, from time to time, compel a judicial settlement of the account of an executor or administrator * * * 2. Where letters issued to him have been revoked, or, for any other reason, his powers have ceased."

Section 2729 provides that " To each account filed with the surrogate, as prescribed in this article, must be appended the affidavit of the accounting party, to the effect that the account contains, according to the best of his knowledge and belief, a full and true statement of all his receipts and disbursements on account of the estate of the decedent. * * * On an accounting by an executor or administrator, the accounting party must produce and file a voucher for every payment, except in one of the following cases." And section 2730 provides: " In all cases such allowance must be made for their (executors) necessary expenses actually paid by them as appears just and reasonable."

There is no provision by which, upon an accounting of an execu-

tor or administrator, any allowance can be made for obligations incurred by him in the management of the estate and which had not been actually paid when the account was presented and before the letters had been revoked. Upon an accounting by such executor there can only be allowed to him the payment actually made, and for which vouchers are presented. Here it is quite apparent that this attorney's bill was never paid, unless the giving of the note can be considered such a payment. In the original account it was presented and sought to be justified as a liability incurred by the executor. Upon its appearing that it had not been actually paid by him, but was simply a liability of his to the attorney employed, it was in effect held that without such actual payment it could not be allowed. He then gave his individual note, indorsed by his wife, to the creditor, and took a receipt from the attorney, stating that such note was received in full payment of the account. But it is quite evident that the giving of this note was an afterthought to avoid the ruling of the referee that payment must be proved. The respondent's obligation to the attorney was a personal obligation for which the attorney could not hold the estate. The authority of the executor to make any payment on account of the estate, or to act for the estate, ended upon the revocation of the letters testamentary, and the account was to be settled as of the time of such revocation. All payments for which he was entitled to credit upon his accounting must have been payments made by him while executor.

We agree with the surrogate as to the other questions discussed by him; but his decree must be modified by charging to the respondent, in addition to the amount before charged, the sum of $2,700, and, as thus modified, the decree is affirmed, without costs in this court.

VAN BRUNT, P. J., BARRETT, RUMSEY and O'BRIEN, JJ., concurred.

Decree modified as directed in opinion, and, as modified, affirmed, without costs.