An executor was ousted from his office by a refusal to probate the will under which he was appointed. The appellate division, on appeal from the surrogate's decree on his accounting, decided that he was not entitled to credit for moneys which he had promised by his individual note to pay counsel for services rendered in litigating the will. *Held*, that the surrogate was bound by that decision on a subsequent accounting by the executor, who had been appointed administrator of the same decedent, and could not allow him said money, he having in the meantime paid his note.

　In the matter of the judicial accounting of the administrators of Lewis R. Blair, deceased. Motion to confirm referee's report. Exceptions to report sustained.

　James O'Neill, for administrator William Blair.
　Porter & Kilvert, for contestants.

　THOMAS, S.　The claimant, William Blair, was named as executor in a testamentary paper admitted to probate by a surrogate of this court. The decree admitting the will was reversed by the appellate division of the supreme court (In re Blair's Will, 84 Hun, 581, 32 N. Y. Supp. 845), and such reversal was affirmed by the court of appeals (Id., 152 N. Y. 645, 46 N. E. 1145). The letters testamentary granted to the claimant were vacated, and he subsequently accounted for his acts and doings as executor. On such accounting he asked to be allowed for moneys paid and obligations incurred by him in the litigation concerning the validity of the will. A decree was made by the surrogate in harmony with his contention, allowing him $2,150 paid, and the further sum of $2,700 agreed by him to be paid to counsel. In re Blair's Estate, 28 Misc. Rep. 611, 59 N. Y. Supp. 1090. On appeal to the appellate division this decree was modified, and the allowance was limited to $2,150; that being the entire amount actually disbursed. In re Blair, 49 App. Div. 417, 63 N. Y. Supp. 678. Letters of administration on the estate of the decedent have been issued to the claimant, William Blair, and also to William E. Blair, and both administrators are now accounting, each submitting a separate account. The claimant reasserts his claim for $2,700, which existed at the time of his accounting as executor as a claim on a promissory note, but which note he has since paid. His co-administrator resists this claim. The learned referee deems the reasons given by the appellate division of the supreme court for its modification of the decree to be technical, and the claim for reimbursement meritorious; and reports in power of its allowance. I cannot agree with his reasoning or his conclusion. The only title of the claimant for reimbursement for the expenses of his unsuccessful litigation rested on his office as executor and the favor of the court to protect him by allowances to him on his accounting as such executor. The decree on his accounting, as modified by the appellate division, made after he had ceased to be an executor, was a final determination of all questions as to permissible allowances to

him. We may not scrutinize the opinion rendered by that court, in which the reasons for its action are given, in order to find a pretext for refusing to be bound by the result reached by it. It is sufficient that the judgment binds us, and that we are not to reassert a claim which our appellate tribunal has considered and disallowed. The contention that some claim exists based on a natural equity against the next of kin of a decedent to require them to reimburse a person who, being a legatee and executor named in a void paper purporting to be a will, incurs expense in an unsuccessful attack on the rights of property of such next of kin in asserting such void paper, does not impress me as being sound. No authority is cited in its support. The following cases are to the contrary: Royer's Appeal, 13 Pa. 569; Andrews' Ex'rs v. Andrews' Adm'rs, 7 Ohio St. 143. The exceptions to the report of the referee allowing such claim are sustained.

Decreed accordingly.