status within the law of negligence to be submitted to the jury for its consideration and determination, in which event, if she were found non sui juris, in the absence of negligence on the part of her parents, the doctrine of contributory negligence would have no application. Kunz v. City of Troy, 104 N. Y. 351, 10 N. E. 442, 58 Am. Rep. 508.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.

---

(67 App. Div. 116.)

### In re BLAIR et al.

(Supreme Court, Appellate Division, First Department.   December 20, 1901.)

1. EXECUTORS AND ADMINISTRATORS—COUNSEL FEES—ALLOWANCE.

Where an executor of a will, who was unsuccessful in procuring its admission to probate, became liable for fees of counsel engaged to prosecute an appeal, and afterwards, on being appointed administrator, actually paid such counsel fees, he was not entitled to include the fees in his account as administrator, and receive reimbursement from the estate, without first having the item of the fees allowed in his account as executor.

2. SAME—VALIDITY OF CLAIM—PAYMENT—RES ADJUDICATA.

Where an executor of a will was unsuccessful in procuring its admission to probate, and became liable for fees of counsel engaged in the litigation, which he paid by giving his personal note for the amount after the revocation of his letters testamentary, a holding that such note was not an actual "payment," so as to entitle the executor to allowance of the sum in his account, was merely a holding that he could not be allowed the amount until it was paid in cash, and was not res judicata as to his right to file a supplemental account, and be allowed the amount after he had actually paid the claim.

Appeal from surrogate's court, New York county.

Judicial settlement of the accounts of William Blair and another, as administrators of the estate of Lewis R. Blair, deceased. This is an appeal by the administrator from a decree of the surrogate of the county of New York judicially settling the account of the above-named administrator and of his co-administrator, William E. Blair, and confirming the report of the referee as modified (69 N. Y. Supp. 1013), to whom said accounts had been theretofore referred by such surrogate. Affirmed.

The will of Lewis R. Blair was probated in the surrogate's court of New York county, and letters testamentary were issued to William Blair, as executor, in November, 1894. Upon an appeal the decree of probate was reversed by the general term of the supreme court, which reversal was sustained on appeal to the court of appeals in March, 1897, and on April 8, 1897, the letters were revoked. In re Blair's Will, 84 Hun, 581, 32 N. Y. Supp. 845; Id., 152 N. Y. 645, 46 N. E. 1145. Up to the time of the revocation of his letters, the executor, Blair, had paid his counsel $2,150, on account of counsel fees, out of the estate funds. This payment was made prior to February, 1895, after which payment he was unable to pay any more, as he was insolvent, except as to his one-fifth share of the estate, which contestants succeeded in keeping from him. He therefore gave his note for the remainder due, and claimed the same as a payment. He then filed his account as executor, alleging the note as a payment. The

referee to whom the account was referred found that the executor had a right to retain counsel, that the counsel fees were properly incurred and were reasonable to the extent of $4,850, and allowed the note as a payment to the extent of the balance due of $2,700. The surrogate affirmed these findings, and upon appeal the appellate division affirmed the surrogate's decision and findings, except as to allowing the note as a payment, on the ground that the note was not a payment, and that after the revocation of his letters the executor had no authority to bind the estate. In re Blair, 49 App. Div. 417, 63 N. Y. Supp. 678. William Blair thereafter applied for leave to file a supplementary account, which was denied. After the revocation of his letters testamentary, but before his discharge as executor, in October, 1897, William Blair, the late executor, and William E. Blair were appointed administrators of the estate of said deceased. Being still unable to pay the balance due counsel and allowed by the surrogate, to wit, $2,700, William Blair in April, 1900, personally pledged his share of the estate, and obtained a loan sufficient to pay, and actually did pay, to his counsel in cash, the said balance due of $2,700. He then filed his account herein as administrator, and claimed reimbursement from the estate. Objections were filed by William E. Blair and others, the account was referred, and on the hearing the following questions were presented: (1) Whether the said $2,700 had been actually paid by said William Blair to his counsel; (2) if so paid by William Blair, whether he was entitled to reimbursement from the estate; (3) whether the matter of reimbursement was "res adjudicata." The referee found in favor of William Blair on the first two points, and against William E. Blair, the other administrator, on the third point. Exceptions were duly filed by the respondents, and upon a hearing before the surrogate he rendered a decision in which he affirmed the report of the referee as to all findings, except the finding allowing William Blair the said sum of $2,700, which he disallowed, and a decree was entered accordingly, from which this appeal is taken.

Argued before HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

James O'Neill, for appellant.
Anthony B. Porter, for respondent.

HATCH, J. It is elementary law that an administrator has no authority to allow or pay any claim, unless it exists against the estate, and, except for a limited amount, he must produce a voucher for the payment or prove its loss before he is entitled to be allowed therefor. In addition, he is to be allowed proper expenses of his administration of the estate; but, beyond this, he cannot create any charge against the estate, or pay any but lawful obligations charged thereon.

It is clear that the obligations incurred by the executor in defending the probate of the will, so far as attorney's fees are concerned, became a charge, not against the estate, but against the executor personally. Such charge never becomes an obligation of the estate until allowed to the executor in his account. It is evident, therefore, that the basis upon which an administrator is authorized to allow and pay obligations of the estate fails as applies to the present case, because this was never an obligation of the estate, nor an expense incurred by him in its administration. The law makes specific provision for the allowance of such claim in the account of the executor, and there is no other provision of law which provides for its allowance, or which makes it a charge against the estate. The method of the allowance to the executor which the law provides is exclusive, and unless he is credited with it in the settlement of his account there

is no provision of law authorizing its payment out of the funds of the estate.

The learned surrogate held that the former decision by this court (In re Blair, 49 App. Div. 417, 63 N. Y. Supp. 678) was res adjudicata of the right of the executor to be paid this sum. The only question before the court upon that appeal was whether the giving of a note for the unpaid balance of the attorney's fees in the matter of probating the will could be considered as a payment, and it was held that the Code provision governing the subject could only be satisfied by an actual payment in money, and until that was done there was no basis for its allowance. It is stated in the opinion in that case that upon an accounting the executor or administrator could only be allowed for sums actually paid when the account was presented and before the letters had been revoked. We do not, however, understand that it was the intention of the court to hold that the executor might not be allowed for a proper obligation incurred by him in the course of administration, but which was not in fact paid until after his letters were revoked. The court was not speaking of expenses and payments which were properly incurred prior to the revocation of the letters, but of expenses which might be incurred after the revocation. Otherwise, the right of the executor to be allowed for proper obligations which he has incurred would be made to depend solely upon whether he had paid them prior to the revocation of his letters. In fact, the executor is to be allowed for such items of expense as are proper, and which he has paid prior to filing his account (Douglas v. Yost, 64 Hun, 155, 18 N. Y. Supp. 830; Gilman v. Gilman, 6 Thomp. & C. 211; same case on appeal, 63 N. Y. 41); the purpose of the law being to allow the executor for all proper obligations which he has incurred in the management of the estate, while he was authorized to act, and which has been paid at the time when his account is presented to the surrogate for allowance.

In the present case there does not seem to be any disputed fact respecting the proper character of the executors' charge, although it may be otherwise found upon a hearing where it is involved. It was found by the first referee that the obligation was properly incurred. This was affirmed by the surrogate, but was stricken out by this court for the reasons we have stated. It was also found to be a proper charge by the last referee, and was disallowed by the surrogate solely upon a technical question of law. We are not aware of any provision of law which precludes the executor from applying to the surrogate to open his account, and for leave to file a supplemental account embracing this item. The obligation was incurred prior to the revocation of his letters testamentary, and the only reason why he has not been allowed therefor was that he had not paid it. He was, however, liable to the person in whose favor it existed, and such liability could be enforced by action, judgment, and execution. Under such circumstances, so long as the estate remains unsettled, we see no reason why he should not be permitted to have his account opened, and leave given to file the supplemental account. It is made to appear in the statement of facts in the record that he made such application, and it was denied. The reasons for the denial do not

appear. Upon the merits, so far as we are presently advised, there is no reason why he should not have this relief. If there is any objection to the propriety of the allowance claimed, it may be contested in that proceeding; but up to this time it has not been suggested but that the executor has a meritorious claim, and several courts have so determined.

We think the order appealed from should be affirmed, with $10 costs and disbursements, but without prejudice to the right of the executor to move for leave to open his account and file a supplemental account.

PATTERSON and LAUGHLIN, JJ., concur. INGRAHAM, J., concurs in result.