(97 App. Div. 507.)

### BLAIR v. BLAIR et al.

(Supreme Court, Appellate Division, First Department. November 11, 1904.)

1. CLAIM OF EXECUTOR—CONTRIBUTION BY DISTRIBUTEES—CONTRACT.

In an action against distributees of a decedent's estate it appeared that plaintiff, as executor, had procured the probate of decedent's will; that the probate was afterwards annulled, and plaintiff was appointed administrator. On the settlement of his account as administrator the surrogate disallowed an amount which he had paid out for counsel fees in the probate proceedings, and he appealed. Pending the appeal the estate was distributed by final order, but at the time of distribution an agreement was made between plaintiff and the distributees providing for payment of the claim from certain securities deposited to abide the event of the appeal if the court should so order. On the appeal the court held that the claim for counsel fees was a matter for his account as executor, and not his account as administrator, and the surrogate's decree was affirmed, without prejudice to an application for the opening of the executor's account. *Held*, that on plaintiff's failure to obtain the opening of his account as executor because of final distribution, he had no right of action against the distributees for contribution.

O'Brien, J., dissenting.

Appeal from Special Term, New York County.

Action by William Blair against Charles H. Blair and others. From a judgment entered for plaintiff on decision after trial at Special Term (85 N. Y. Supp. 722), defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Anthony B. Porter, for appellants.
James O'Neil, for respondent.

PATTERSON, J. By the judgment from which this appeal is taken the plaintiff has recovered specific sums of money from each of three of the defendants individually and from the fourth as administratrix, such sums being proportionate parts of an amount to which he claimed to be entitled under peculiar facts which are set forth in the complaint, and which are not seriously contested by the defendants. They are as follows: Lewis R. Blair died in December, 1893, leaving a last will and testament disposing of real and personal property. It was presented for probate to the Surrogate's Court of the county of New York. Objections to probate were filed by the present defendants,

William E. Blair, Charles H. Blair, and Wesley S. Blair. The plaintiff had thus cast upon him the duty of defending the will, and in the performance of that duty he employed Mr. James O'Neil as his attorney to represent him in the probate contest. After protracted proceedings, the will was admitted to probate, and thereupon letters testamentary were issued to the plaintiff, who duly qualified as executor. Thereafter the contestants appealed to the General Term of the Supreme Court from the decree of the surrogate admitting the will to probate, and that decree was reversed, whereupon the executor appealed to the Court of Appeals, where the judgment of the General Term was affirmed in March, 1897 (152 N. Y. 645, 46 N. E. 1145), and in April, 1897, an order was entered in the Surrogate's Court revoking the probate of the will. Prior to the determination of the General Term the plaintiff had paid to his attorney, Mr. O'Neil, the sum of $2,150 from the money of the estate on account of the services rendered in the probate proceeding. In February, 1898, he filed his final account as executor in the Surrogate's Court. Objections were taken thereto, but were all withdrawn except one, relating to the claim of the plaintiff for reimbursement of counsel fees stated to have been paid to Mr. O'Neil for services rendered in the probate proceedings and the appeals, which services extended over the years 1894, 1895, 1896, and 1897. On the proceeding relating to the settlement of the final account it was made to appear that the plaintiff had incurred an indebtedness to his attorney to a large amount; that he had paid in cash $2,150, but, being unable to pay the balance of the attorney's fees from money of the estate, or from his own funds, he gave to the attorney a promissory note for $2,700. In the accounting proceeding the referee found the services rendered by Mr. O'Neil to be reasonably worth the sum of $4,850, and allowed the note as a payment pro tanto, and that report was confirmed. An appeal was taken to the Appellate Division from the determination of the surrogate allowing the $2,700, and that determination was reversed as to that item on the ground that the obligation evidenced by the executor's outstanding promissory note was not allowable to him as a payment on his accounting. Matter of Blair, 49 App. Div. 417, 63 N. Y. Supp. 678. Thereafter the plaintiff, with money borrowed (as he says), paid to Mr. O'Neil the $2,700 (thus making up the full sum of $4,850 allowed by the surrogate), and applied to open his account, that he might show that such payment had in fact been made, and that he should be allowed therefor. Meantime the plaintiff had been appointed joint administrator with William E. Blair of the estate, and presented for settlement a separate account, and claimed reimbursement from the estate of the $2,700. Objections were filed; the matter was referred to a referee, who allowed the claim, but the surrogate subsequently disallowed it. An appeal was then taken by the plaintiff to the Appellate Division, and pending that appeal the estate of the decedent was distributed. The real property had been partitioned in 1897. The personal property was, by arrangement, in which the plaintiff concurred, distributed, and a final decree of the surrogate making distribution was made. But contemporaneously with that distribution an agreement was entered into which is set forth in extenso in the complaint, in which, after reciting that the surrogate of the county of New York had ju-

dicially settled the accounts of the administrators of the estate of Lewis R. Blair, and had entered a decree accordingly, and that William Blair (the plaintiff) proposed to appeal to the Appellate Division of the Supreme Court from that portion of the decree which refused reimbursement of $2,700 from the funds of the estate, it was agreed that the estate should be fully distributed under and pursuant to said decree, and that certain securities should be deposited to abide the event of the appeal; and the parties then proceeded to agree as follows:

"On the entry of judgment on said appeal, or at any time theretofore, the said bonds may be converted into cash at their market or best value, and the said judgment satisfied out of said cash, in accordance with the directions of said judgment, and in case of affirmance out of the interest of William Blair in said deposit, and in case of reversal pro rata out of the interests in said deposit of the parties of the second part hereto [the defendants], and the balance thereof paid over to the said * * * parties or their order pro rata with their said deposit of said bonds, and, if such a cash conversion be not so made, then such distribution shall be from said bonds. If an appeal be taken by either party to the Court of Appeals from the determination of the appeal by the Appellate Division, the provisions of this agreement shall apply to and await the final decision of such appeal to the Court of Appeals, such agreement being hereby extended to cover and include such a contingency, provided the appeal to the Court of Appeals be duly perfected within sixty days from the entry of the order determining the appeal in the Appellate Division. The full performance of the covenants and obligations imposed by this agreement shall effect and constitute the full and complete release and discharge of all claims existing between the parties thereto as between themselves on account of all matters and things involved therein."

An appeal was taken from the decree of the surrogate referred to in that agreement, and in the determination of that appeal it was held by this court that counsel fees owing by the executor, and paid by him after the probate of the will was set aside and he was appointed administrator, must be credited to him in his account as executor, and not in his account as administrator, and that his account as executor might be opened for that purpose. The decree of the surrogate was affirmed, but it was without prejudice to the right of the executor to apply for relief to open his account and file a supplemental account. Matter of Blair, 67 App. Div. 116, 73 N. Y. Supp. 675. It was pointed out in the opinion of the court that the claim of the attorney against his client was a personal liability of the client, and that it did not and could not become a charge against the estate until it had been allowed in his account as executor. Acting upon this view, the plaintiff made his application to the surrogate for leave to open the account and have the charge properly established. Upon the hearing of the application the surrogate decided that he was without jurisdiction; that the whole estate had been distributed, and, such being the fact, he could not open the account. The plaintiff acquiesced in that view, and did not appeal from the order of the surrogate, but instituted this action for contribution, which is based upon rights he claims to have arisen under the agreement made contemporaneously with the distribution of the estate.

We do not perceive how an action for contribution can be maintained on this agreement. Its terms are precise, its stipulations are perfectly clear, and the parties who made the deposit of the bonds are not obliged to respond to the plaintiff's claim otherwise than in accordance with

the terms of their agreement, which contemplated adjudications in the proceedings that were then pending, and nothing else. Considered as an action founded alone upon the agreement, that agreement can be enforced only according to its terms. The conditions under which the plaintiff might claim a resort to the deposit of bonds have not arisen, and we cannot construe the instrument so as to establish new relations between the parties never contemplated by them, or determine that from it arises an obligation to pay money under conditions never anticipated by any of the parties. In this aspect of the case, we cannot consider a general equity as being the key to the interpretation of a specific contract, and import into that contract an obligation which the defendants never assumed. They did not agree to pay a proportionate share of the $2,700 in any event, but only to provide a fund from which that sum might be paid in the event of its being established as a charge upon the estate in the proceedings then pending. The plaintiff is absolutely bound by the terms of that agreement. But it is urged on his behalf that, in view of the equitable character of his claim, the court has power to compel its payment by contribution from those who have received their shares of the estate against which the charge ought to have been established; but the obligation of the defendants to pay the amount, or any portion of it, is a legal liability, if any exists at all. It is not a case of overpayment to legatees, which might be recovered back under certain circumstances; nor is it anything other than a claim which could be enforced against the estate (or, perhaps, under very exceptional circumstances, against the recipients of the assets of an estate not finally distributed) after its allowance by the surrogate. There is nothing said in the opinion in the Matter of Blair, 67 App. Div. 116, 73 N. Y. Supp. 675, which indicates that the Supreme Court has the right or power to settle the account of the executor, or to consider the action of the surrogate in refusing to open the account, except upon an appeal from a decree, the matter having been finally passed upon by the surrogate. What was there held was that the payment of the $2,700 was a purely personal matter between the executor and his attorney, and that it could not be in any way enforced against the estate, or those who were interested in the estate as distributees, until it had been allowed by the surrogate; and, in order that it might be allowed, permission was given to apply to the surrogate to open the executor's account. The amount has never become a charge against the estate. As was said (67 App. Div. 119, 73 N. Y. Supp. 676):

"The law makes specific provision for the allowance of such claim in the account of the executor, and there is no other provision of law which provides for its allowance, or which makes it a charge against the estate. The method of the allowance to the executor which the law provides is exclusive, and, unless he is credited with it in the settlement of his account, there is no provision of law authorizing its payment out of the funds of the estate."

This claim, therefore, never having been a charge against the estate, and there being nothing in the agreement between the parties set forth in the complaint which requires them to contribute to the payment of a claim not established against the estate, there is no alternative but to reverse the judgment.

90 N.Y.S.—13

The judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur, except O'BRIEN, J., who dissents.