claims, etc., and the "examination, auditing, and certification of the accounts of town officers." The board of town auditors had the same power with respect to this matter as those possessed by the town board, and its resolution to employ an attorney to resist allowances of these claims against the town was quite as valid as a resolution of the town board itself would have been, in case no board of town auditors had existed, to employ an attorney to resist claims against the town.

The views that we have expressed lead us to the conclusion that the charge was valid against the town, and the supervisor should pay over to the parties for whom it was intended the money that has been collected and placed in his hands.

The order appealed from must therefore be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.

_____

(114 App. Div. 778)

## In re TITLE GUARANTY & TRUST CO. et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

1. EXECUTORS AND ADMINISTRATORS—ACCOUNT—CHARGES—ALLOWANCE OF EXPENSES IN LITIGATION INVOLVING VALIDITY OF WILL.

> An executor seeking in good faith to uphold a will disposing of an estate worth several milions of dollars as against an attack by a beneficiary, asserting that a provision of the will is invalid, is entitled to be reimbursed from the estate the amount legitimately expended by him in the litigation, though the same resulted in a judgment adjudging the provision attacked invalid.

> [Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, §§ 451–453.]

2. SAME—CLAIMS—SERVICES OF PHYSICIAN—ALLOWANCE.

> An executor, exercising his honest judgment in believing that a claim of a physician for treatment of testator in his last illness was proper, is not personally liable for the amount of the claim paid by him, though he erred in his judgment, and the claim should have been for a less sum.

Appeal from Surrogate's Court, Westchester County.

In the matter of the judicial settlement of the account of the Title Guaranty & Trust Company and others, as executors of James Jennings McComb, deceased, in which Anna M. Chidester and others appeared and contested items in the account. From so much of the decree of the Surrogate's Court as disallowed certain payments made by the executors, they appeal. Reversed, and disputed items allowed as charges against the estate.

See 95 N. Y. Supp. 59.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

George A. Strong, for appellants.

Robert L. Harrison (Robert W. B. Elliott, on the brief), for respondents.

HIRSCHBERG, P. J. An appeal was taken from the entire decree by one of the beneficiaries of the estate, but it was stated upon the ar-

gument that that appeal had been withdrawn. There is left, therefore, for consideration only the appeal by the executors from so much of the decree as disallows as a charge against the estate the amount paid by them to counsel who represented them in certain litigation, and one-half of the sum paid by them in discharge of the bill of the physician who attended the deceased in his last illness. The estate consists of several millions of dollars of real and personal property. By the ninth clause of the third codicil of his will the testator provided that instead of receiving an equal share of his estate, his daughter, Fanny, should be entitled only to a comparatively small annuity in case she married Mr. Lewis Herzog. This provision of the will has occasioned considerable litigation. The daughter first brought an action for the construction of certain provisions of the will, especially that portion of the ninth clause of the third codicil just referred to. The court, however, refused to pass upon that provision of the will, as she was not then married, and no live question was then presented for determination. The decision then rendered was afterward affirmed by the Appellate Division in the First Department. Thereafter she married Mr. Herzog, and renewed the action, and upon the trial the provision of the ninth clause of the third codicil of the will was declared invalid. An appeal was taken by the executors from that decision, and such appeal was justified by the unanimous decision of the Appellate Division, to the effect that the ninth clause of the third codicil of the will was valid. See Herzog v. Title Guaranty & Trust Co., 85 App. Div. 549, 83 N. Y. Supp. 548. An appeal was then taken to the Court of Appeals, where the matter was finally settled by a unanimous decision of that court to the effect that the clause in question was invalid. Upon this statement of facts the learned surrogate has held that the executors cannot be reimbursed from the estate the amount legitimately expended by them in the litigation, but that such expenditure is a charge only against the unsuccessful parties to the litigation.

I know of no principle of law which can support this ruling. There is no claim of bad faith, or that the amount expended is excessive. The conduct of the executors is to be tested by the rule of good faith, and not by mere success. It was both their right and their duty to endeavor to uphold the will, so that the wishes of the deceased should be carried out if they lawfully might be. That the question at issue was a difficult one to solve is apparent from the conflicting decisions of the Appellate Division and the Court of Appeals. The executors were not compellable at their personal risk to acquiesce in the decision of the Special Term, and its reversal by the Appellate Division must be regarded as a complete justification of their course in taking an appeal. With that decision in their favor they could not, without violating their duty, have refused to defend it in the Court of Appeals. In view of the magnitude of the estate, they were justified in the employment of eminent counsel and in the employment of more than one, always assuming, as I have said, that their good faith in the transaction is not impugned.

I think it was error in the learned surrogate also to cut the doctor's bill in two. The physician who treated the testator in his last illness devoted his entire time to that labor, and testified that the amount which

be charged for his services was fair and reasonable. The executors paid him in that belief, and in this branch of the case as in the other there is no reason whatever to believe but that in doing so they considered that they were acting in the best interests of the estate. The bill amounted to $4,000. I can find nothing in the record to indicate that, had the bill been rejected and a lawsuit followed, the estate would have been any better off financially. The question is not whether the services of the doctor should have been rendered for less. It is whether the executors exercised their honest judgment in believing it to be a proper claim and in paying it. Even if they erred in judgment, that fact alone would not make them personally liable.

The decree, in so far as appealed from by the executors, should be reversed, and the disputed items allowed as charges against the estate, with costs payable out of the estate. All concur.