### DODD v. ANDERSON.

(Supreme Court, Special Term, Kings County.   September 3, 1908.)

1. WILLS—PROBATE—RIGHT OF EXECUTOR.
    While a person named as executor is not bound to serve, and others interested may seek the probate of the will, it is the right and privilege, and ordinarily the duty, of the executor to offer the paper for probate and to reasonably insist by proof on its validity as a will.

2. SAME—EXPENSES—CHARGES ON ESTATE.
    Expenses of unsuccessful probate of a will are not debts against the estate, but charges on it.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 879.]

3. SAME.
    A testator, in naming one executor, gives him implied authority to do all he reasonably can to prove and carry out the will; and such authority carries with it the right to charge the estate with the reasonable expenses.

4. SAME.
    The expenses of unsuccessful probate of a will, incurred by the executor, are a charge on the estate, provided the executor was justified in incurring any expense; and whether he was so justified is a matter to be determined on the trial of an action by him against the estate for such expenses.

Action by William P. Dodd against William J. Anderson, administrator of William H. Anderson, deceased. Heard on demurrer to complaint. Overruled.

Coombs & Wilson, for plaintiff.
Foley & Powell, for defendant.

CRANE, J. The demurrer in this case raises the question whether an executor named in an alleged last will can be reimbursed for his expenses incurred by him in unsuccessful probate proceedings. The complaint states the following: One William H. Anderson died December 1, 1903, leaving a written instrument bearing date February 7, 1903, purporting to be his last will and testament. The plaintiff, named as executor in this instrument, which was duly executed in accordance with all the requirements of law, offered it for probate; but after a lengthy trial it was rejected by the surrogate of New York county on the ground that the alleged testator at the time of its execution was laboring under an insane delusion regarding the fidelity of his wife and the paternity of his children. Upon this contest the plaintiff herein and the executor named in said alleged will employed counsel, whom he has paid, and also met certain expenses, for all of which he has brought this action against the estate to be reimbursed. These, in brief, are the main allegations of the complaint, to which the

defendant has demurred, on the ground that whatever moneys the plaintiff executor paid out in probate proceedings were for his personal obligations, and constitute no charge upon the estate.

Defendant's counsel in his brief takes the position that a person named as executor in an alleged will is under no obligation to probate it, and that if he undertakes probate proceedings the expenses incurred are his personal debts, which, if he be successful, may be allowed to him on accounting out of the estate, but which, if unsuccessful, will not be repaid him, and that therefore, for self-protection, no named executor should undertake probate proceedings until the persons interested have agreed to indemnify him for the expenses. While it is true that no person named as executor in an instrument is bound to serve as such, and that others interested may seek probate of the will, yet it is the executor's right and privilege to file and offer the paper for probate as a last will, and to reasonably insist by proof upon its validity as such. In fact, such is almost the universal practice. Can it be that the representative of the estate selected and named in a duly executed will by the maker thereof will be mulcted in heavy expenses for seeking to carry out his trust because of facts regarding the mental condition of the maker about which he knew nothing? If this be so, then the owner of an estate may impose a trust upon another regarding the estate, and the person creating the trust or those standing in his shoes escape all responsibility for the trustee's honest efforts to execute it.

To say that, the courts having declared the alleged testator's acts void, the executor was never appointed, and never had any authority to act, is to make every executor a judge at his peril of all facts known and unknown to him, and to presume him gifted with greater wisdom than the courts, if they be estimated by their disagreements. But such is not the law, as found in the following cases: Shaffer v. Bacon, 35 App. Div. 248, 54 N. Y. Supp. 796; Id., 161 N. Y. 635, 57 N. E. 1124; Douglass v. Yost, 64 Hun, 155–162, 18 N. Y. Supp. 830; In re Title Guarantee & Trust Co., 114 App. Div. 778, 100 N. Y. Supp. 243; Id., 188 N. Y. 542, 80 N. E. 1121; Blair v. Blair, 28 Misc. Rep. 611, 59 N. Y. Supp. 1090; Id., 49 App. Div. 417, 63 N. Y. Supp. 678; Id., 67 App. Div. 116, 73 N. Y. Supp. 675; Id., 97 App. Div. 507, 90 N. Y. Supp. 190; Paxton v. Brogan, 58 Hun, 610, 12 N. Y. Supp. 563. These cases hold that, while the expenses of unsuccessful probate are not debts against the estate, they are, when reasonable, proper charges upon the estate; also that a testator, in naming an executor, gives him an implied authority and direction to do all he reasonably can to prove and carry out the will and that this carries with it the right to charge the estate with the reasonable expenses. Not only is it the right of the executor, but ordinarily his duty, to present the will for probate. There is no reason that I can see why the money paid for legal services in unsuccessful probate proceedings before the surrogate should not be paid out of the estate, if lawyers' fees are allowed to an executor for unsuccessful appeals in probate cases. Such, in substance, were the Cases of Title Guarantee & Trust Co., Shaffer, and Blair, above cited.

I realize that the chief objection is that the plaintiff, never having been appointed, has made no payment as executor, and has no accounting to make in which such payment might be allowed, and that direct statutory authority for the practice here adopted is lacking; yet it seems strange that all expenses may be allowed to one appointed executor under a will subsequently declared void, even to the extent of allowing expenses incurred in seeking to reverse the judgment of nullity, and yet one named as executor is to be allowed no expenses because the surrogate refused probate and did not make a mistake. What objection can there be in permitting the administrator in a case like this including in his accounts the plaintiff's expenses, not as a debt of the estate, but as a charge upon it, the same as his own personal expenses are allowed. Certainly there is as much virtue in presenting an alleged will for probate as there is in appealing from a decree refusing probate. In the Matter of Lasak, 131 N. Y. 624, 30 N. E. 112, the court said:

"After the petition was filed with the surrogate, and the proper parties had been cited and were before him, he had jurisdiction of the subject-matter and of the parties. It was a proceeding in rem to prove the will. All the parties could become actors therein. After the probate proceeding is once instituted, and the parties cited before the surrogate, it is not solely the proceeding of the proponent, but is a proceeding in behalf of all the parties interested to prove the will. If the proponent (executor) should die, the proceeding would not abate."

These words indicate that the steps taken to probate a will do not make the matter the executor's personal cause—that is, not his case—but are in the nature of a proceeding in rem. The res or estate, then, should stand the expense. There may be cases where the facts known would not justify an executor in offering a will for probate, or rather, to be more accurate, expending money to effect a probate; but this is always a matter of proof.

The complaint, therefore, in this case, sets forth a good and sufficient cause of action; but whether or not the plaintiff was justified in incurring any expense, or the expense stated, is a matter to be determined on the trial.

Demurrer overruled.