William P. Dodd, Respondent, *v.* William J. Anderson, as Administrator of the Estate of William H. Anderson, Deceased, Appellant.

Executors and administrators — a person named as executor in a will, probate of which has been denied, cannot recover from the estate the moneys expended in his unsuccessful attempt to establish the will.

It is well-settled law that (1) there can be no executor where there is no will; (2) unless a will is admitted to probate there can be no letters testamentary; (3) until letters testamentary, or of administration, are issued upon the estate of a decedent, there is no legal representative of the estate; (4) although a person is nominated as executor in a paper purporting to be a will, he is under no legal obligation to accept.

When a person who is named as executor in a paper purporting to be a will offers it for probate and is met with a contest, he has before him two alternatives, either of which he may adopt. He may cast the burden of the contest upon those who are to be benefited by the probate of the paper, or he may assume the burden himself. If he pursues the latter course he must be deemed to act with knowledge of the well-established legal rule that even a *de jure* executor cannot bind the estate which he represents by any contract of his own making, and that any liability which he incurs, or expenditure which he makes under such a contract, is regarded as his personal obligation until it has been allowed to him upon the judicial settlement of his accounts, and he cannot maintain an action at law against the administrator of the decedent to recover the moneys expended in the unsuccessful attempt to procure the probate of the instrument.

*Dodd* v. *Anderson,* 131 App. Div. 224, reversed.

(Argued January 3, 1910; decided February 15, 1910.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 12, 1909, which affirmed an interlocutory judgment of Special Term overruling a demurrer to the complaint.

The nature of the action, the question certified, and the facts, so far as material, are stated in the opinion.

*Henry A. Powell* for appellant. Plaintiff was under no legal obligation to even offer the paper purporting to be Mr.

Anderson's will for probate. (11 Am. & Eng. Ency. of Law [2d ed.], 753; *Matter of Lasak*, 57 Hun, 417; Schouler on Executors [3d ed.], 64; Redf. on Surr. [6th ed.] § 148.) Plaintiff was under no legal obligation to participate in the contest brought on by the objections filed to Mr. Anderson's alleged will. (*Matter of Lasak*, 23 Abb. [N. C.] 54; 57 Hun, 417; 131 N. Y. 624.) Plaintiff having unnecessarily participated in an effort to probate an instrument which was not a will, should not be allowed to recover from the estate his expenses, including counsel fees, and thus compel those against whose interests his efforts were directed to bear this unnecessary burden. (*Blood* v. *Kane*, 130 N. Y. 514; *O'Connor* v. *Gifford*, 117 N. Y. 275; *Schaffer* v. *Bacon*, 35 App. Div. 248; 161 N. Y. 635; *Brown* v. *Vinyard*, Bailey Eq. 461; *Executors of Andrews* v. *Administrators*, 7 Ohio St. 143; *Brown* v. *Eggleston*, 53 Conn. 110; *Koppenhaffer* v. *Isaacs*, 7 Watts [Pa.], 170; *Yerkes' Appeal*, 99 Penn. St. 401; *Royer's Appeal*, 13 Penn. St. 569; *Kelly* v. *Davis*, 37 Miss. 76.)

*Robert H. Wilson* for respondent. The reasonable counsel fees paid by a proponent in seeking to prove or sustain a will are proper charges against the estate of the decedent, whether such efforts are successful or unsuccessful. (*Shaffer* v. *Bacon*, 35 App. Div. 248; 161 N. Y. 635; *Matter of T. G. & T. Co.*, 114 App. Div. 778; 188 N. Y. 542; *Douglass* v. *Yost*, 64 Hun, 155; *Matter of Blair*, 49 App. Div. 417; *Matter of Blair*, 67 App. Div. 116; *Blair* v. *Blair*, 97 App. Div. 507; *Matter of Blair*, 28 Misc. Rep. 611; *Blair* v. *Blair*, 42 Misc. Rep. 79; *Matter of Hutchinson*, 84 Hun, 563.) It is the duty of a person named in a will as executor to offer it for probate, and to seek, if possible, to sustain the will. (*Paxton* v. *Brogan*, 35 N. Y. S. R. 479; 19 Am. & Eng. Ency. of Law [1st ed.], 178; *Blair* v. *Blair*, 97 App. Div. 507; *Shaffer* v. *Bacon*, 35 App. Div. 248; 161 N. Y. 635; Schouler on Executors [3d ed.], § 53; Jessup on Surr. Pr. [2d ed.], 302; *Young* v. *Brush*, 28 N. Y. 667.)

Werner, J.    One William H. Anderson died in February, 1903, leaving a paper purporting to be his last will and testament, which was executed in conformity to the statutes relating to wills, and in which he named as his executors Daniel Anderson, a son, residing in California, and this plaintiff, a nephew, residing in this state.    The plaintiff offered this instrument for probate in the proper Surrogate's Court. A contest was made by two of the decedent's children. After a trial, which extended over a number of days, the surrogate reserved the matter for decision, and finally denied probate upon the ground that at the time of the execution of the instrument the decedent was the victim of certain insane delusions which incapacitated him from making a will.    The plaintiff, in his effort to establish this instrument as the will of the decedent, expended the sum of $5,272.90 for counsel fees and disbursements.    After the surrogate had rendered his decision denying probate to the instrument thus offered, and after the defendant had been appointed as administrator of the estate of decedent, the plaintiff presented to the administrator a claim for the amount thus expended, and the claim was rejected.    Then the plaintiff brought this action against the administrator to recover the amount for which the claim had been presented.    The defendant demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.    The demurrer was overruled at Special Term and that decision was affirmed by the Appellate Division.    The latter court made an order allowing an appeal to this court, and certified for our determination the question :    " Does the complaint herein state a cause of action ? "

As the demurrer admits all the facts set forth in the complaint it must be assumed that the plaintiff, who had no pecuniary interest in the probate of the instrument, acted in good faith upon the assumption that it was a valid will duly executed by a competent testator who had given his executors explicit instructions to offer it for probate ; and it must also be assumed that the expenditures for which the plaintiff seeks to recover were reasonable, taking into account the extent of

the decedent's estate and the nature of the contest in the
Surrogate's Court.   The question certified, when reduced to
the concrete terms which cover the issue tendered by the
complaint, is whether one who is nominated as an executor in
an instrument which, in the court of first instance, is judi-
cially declared to be invalid as a will, can maintain an action
at law against the administrator of the decedent to recover
the moneys expended in the unsuccessful attempt to procure
the probate of the invalid instrument.   In the case at bar the
Surrogate's Court decided that the paper propounded for pro-
bate by the plaintiff was not a valid will.   The decree entered
upon that decision stands unreversed.   The Surrogate's Court,
proceeding further upon the theory that the decedent died
intestate, appointed an administrator of the estate, who duly
qualified and entered upon the performance of his duties.
The plaintiff, recognizing the validity of the proceedings in
the Surrogate's Court, presented a claim to the administrator
for the moneys expended in the unsuccessful effort to prove
that the decedent had left a valid will.   The administrator
rejected the claim.   Can the plaintiff now maintain an action
at law against the administrator to recover for these expendi-
tures ?   That is the real question presented by this appeal.

In the quest for direct authority in this court upon the pre-
cise issue, the diligence of counsel and our research have
proved unfruitful.   That the question is not free from diffi-
culty is evident from the very careful and instructive opinion
of the learned Appellate Division, with which we deem it
our duty to disagree.   It is an ancient legal proverb that
" hard cases make bad law."   The case at bar aptly illustrates
the temptation to overlook or ignore fixed legal principles
when they are opposed to persuasive equities.   The plaintiff,
in the effort to carry out the solemnly expressed wishes of
his deceased uncle, decided to accept the office of executor
for which he had been named, and not only offered for pro-
bate the paper purporting to be a will, but waged an active,
prolonged and expensive contest to establish its validity.   All
this he did, not for himself, but for others, and in doing it he

made large expenditures which will have to be borne by him unless he can be reimbursed out of the estate. While such circumstances quite naturally appeal to the individual sense of justice, they cannot be permitted to influence judicial decision unless they are supported by legal principles.

The theory upon which the complaint has been sustained in the courts below is that a person who is named as executor in a paper purporting to be a will should not be compelled to decide in advance whether he will renounce the trust which has been reposed in him, or accept it at the risk of being charged with the costs and expenses of a contest if the paper is judicially declared to be invalid as a will; that when he acts in good faith and with due diligence his fidelity to duty should not be rewarded with pecuniary loss ; that the attempt to probate the will is for the benefit of the estate, being made either upon the express or implied direction of the testator and implying a correlative promise that the estate shall reimburse the executor for all necessary or reasonable expenditures made or obligations incurred in that behalf. The argument is indeed persuasive ; but is it sound? That it is not without the support of respectable authority must be conceded. (*Taylor* v. *Minor*, 90 Ky. 544; *Lassiter* v. *Travis*, 98 Tenn. 330; *Phillips* v. *Phillips*, 81 Ky. 328; *Hazard* v. *Engs*, 14 R. I. 5 ; Woerner's Am. Law of Administration [2d ed.], sec. 518; *Henderson* v. *Simmons*, 33 Ala. 291.) But these authorities are based upon assumptions which we believe to be fundamentally fallacious. They are necessarily predicated upon the theory that one who in good faith offers for probate a paper purporting to be a will, acts for the benefit of the estate, and thus becomes legally entitled to reimbursement for his expenditures necessarily or reasonably incurred. That is a theory, however, which is utterly irreconcilable with certain elementary principles which underlie the laws relating to the administration of decedents' estates. Since these principles are established beyond dispute they may be most succinctly stated in the form of legal aphorisms. 1. There can be no executor where there is no will. 2. Unless a will is admitted to probate there

can be no letters testamentary.  3.  Until letters testamentary or of administration are issued upon the estate of a decedent there is no legal representative of the estate.  4.  Although a person is nominated as executor in a paper purporting to be a will, he is under no legal obligation to accept.

As a will is the only source of an executor's power, and letters testamentary are the only evidence of his authority (*Hartnett v. Wandell*, 60 N. Y. 346), it must follow that when the former is never established and the latter are never issued, he who assumes to act as executor is merely a volunteer who has assumed the risk of having his acts repudiated by the courts of competent jurisdiction.  It may be admitted that one who is named as executor and desires to qualify, rests under a moral obligation to offer the putative will for probate, but it is not an imperative legal duty.  That may be done by a devisee, legatee, creditor or any other person interested in the estate.  (Code Civ. Pro. sec. 2614.)  When a person who is named as executor in such a paper offers it for probate and is met with a contest, he has before him two alternatives either of which he may adopt.  He may cast the burden of the contest upon those who are to be benefited by the probate of the paper, or he may assume the burden himself.  If he pursues the latter course he must be deemed to act with knowledge of the well-established legal rule that even a *de jure* executor cannot bind the estate which he represents by any contract of his own making, and that any liability which he incurs or expenditure which he makes under such a contract, is regarded as his personal obligation until it has been allowed to him upon the judicial settlement of his accounts.  (*Austin* v. *Munro*, 47 N. Y. 360 ; *Ferrin* v. *Myrick*, 41 N. Y. 315 ; *Matter of Van Slooten* v. *Dodge*, 145 N. Y. 327 ; *Parker* v. *Day*, 155 N. Y. 383 ; *O'Brien* v. *Jackson*, 167 N. Y. 31.)  If one who is actually an executor under a valid will cannot bind the estate by his executory contracts, we are at a loss to know upon what theory it can be done by one who assumes to act under a paper which is never admitted to probate as a will.  When, upon his own responsibility, he joins issue with the contestants of

the paper which he offers for probate, he must be deemed to do so with the knowledge that he may be beaten in the contest. This responsibility and risk he may avoid, as we have seen, by transferring the burden of the contest to those who are beneficially interested in procuring probate, or by demanding indemnity from them. His neglect to protect himself by either of these safeguards must logically result in his personal liability for any pecuniary obligations which he creates. When a contest, entered into under such circumstances, results adversely to him, he alone is legally answerable to those whom he has employed to fight his battle. This may appear to be a harsh result, but it is inevitable under the law as it stands. Any other rule would be clearly unjust and equally harsh, for it would cast the financial burden of a contest upon those who win it. Under such a system an heir or distributee might establish his right to the estate only to realize that it had been heavily charged or entirely absorbed by the putative executor's fruitless attempt to establish a will. If we assume that, under the rule charging executors with personal liability upon their contracts made in unsuccessful attempts to procure probate of alleged wills, many persons who are named as executors will decline to serve, it is equally fair to assume that if the contesting heirs or distributees of estates must purchase success at the cost of paying the lawyers on both sides of the controversy, few will be found who have the courage or the resources to contest illegal wills. When these two opposing rules are measured by the test of reason, it will be seen that when one who is named as executor is confronted with a contest he may, without loss to himself, place the responsibility upon those who will be benefited if the paper is admitted to probate as a will. But those who contest the probate stand upon different ground. They cannot avoid the contest without relinquishing that which may rightfully belong to them. We are, therefore, inclined to think that every consideration of expediency, no less than the logic of the settled law relating to the administration of decedents' estates, requires us to hold that one who makes an

unsuccessful attempt to procure probate of an alleged will cannot charge the expenditures incurred by him against the estate. This view has been adopted in a number of cases in sister states. (*Brown* v. *Vinyard,* Bailey Eq. [S. C.] 461; *Executors of Thaddeus Andrews* v. *His Administrators,* 7 Ohio St. 143; *Brown* v. *Eggleston,* 53 Conn. 110; *Koppenhaffer* v. *Isaacs,* 7 Watts [Pa.], 170; *Yerke's Appeal,* 99 Pa. St. 401; *Royer's Appeal,* 13 Pa. St. 569; *Kelly* v. *Davis,* 37 Miss. 76; *Moyer* v. *Swygart,* 125 Ill. 262.)

In the able opinion of the Appellate Division it is asserted, however, that the doctrine of the authorities last cited has not been approved by the courts of this state, and the following cases are cited in support of this statement. (*Shaffer* v. *Bacon,* 35 App. Div. 248; affirmed, 161 N. Y. 635; *Matter of Title Guarantee & Trust Co.,* 114 App. Div. 778; affd., 188 N. Y. 542; *Matter of Blair,* 49 App. Div. 417; 67 App. Div. 116, and 97 App. Div. 507.) These latter decisions were governed by principles which we think have no application to the case at bar. In the cases of Shaffer and Blair the respective wills were admitted to probate and afterwards revoked. In the case of the Title Guarantee Company the will was probated and sustained except as to one provision, which was declared invalid. In each of these cases the wills were in the first instance admitted to probate, and that gave the Surrogate's Court the power in its discretion to award costs (Code Civ. Pro. secs. 2557 *et seq.*), and to make additional allowances upon the judicial settlement of the executor's accounts. (Code Civ. Pro. sec. 2562.) When once a will has been admitted to probate and the executor named in it has qualified under it, he stands in a different relation to the estate and to the public than one who offers a paper for probate without knowing whether it will be accepted or not. In the former case, what was at first simply a moral right has ripened into a legal duty, and the executor, as the legal representative of the estate, is bound to employ all fair means to sustain the will under which he has been granted letters testamentary. In the performance of that duty

the executor may incur obligations which, although purely personal in their inception, are regarded as equitably chargeable upon the estate, and for that reason are allowed to the executor when he presents his accounts for judicial settlement. That is the distinction, it seems to us, between a case in which a will is admitted although subsequently revoked, and one where a paper purporting to be a will is never admitted to probate because the court of first instance has held it to be invalid. The result to which we are brought by these considerations is extremely unfortunate in such a case as this, where one in good faith accepts a trust reposed in him by one who attempts to make a will, but the remedy, if one is desirable, must be provided by the legislature and not by the courts.

The question certified to this court should, therefore, be answered in the negative and the interlocutory judgment and the order of the Appellate Division reversed, and judgment ordered for the defendant on the demurrer, with costs, with leave to plaintiff to serve an amended complaint within twenty days upon payment of the costs of the demurrer.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, VANN, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Interlocutory judgment and order reversed, etc.