### DODD v. ANDERSON.

(Supreme Court, Appellate Division, Second Department. March 12, 1909.)

1. EXECUTORS AND ADMINISTRATORS (§ 111*)—EXPENDITURES—ALLOWANCES TO EXECUTOR.

A person named as executor may recover from the estate of decedent necessary and reasonable expenses incurred by him in an unsuccessful effort, made in good faith, to prove the paper as a will, where probate is denied on the ground that the will was the result of insane delusions.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 451; Dec. Dig. § 111.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EXECUTORS AND ADMINISTRATORS (§ 77*)—POWERS OF EXECUTOR.
     At common law an executor could do anything before probate which did
     not call upon him to produce the evidence of his authority.
     [Ed. Note.—For other cases, see Executors and Administrators, Cent.
     Dig. § 326; Dec. Dig. § 77.*]

3. EVIDENCE (§ 63*)—PRESUMPTIONS—SANITY.
     Sanity is presumed.
     [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 83; Dec. Dig.
     § 63.*]

4. CANCELLATION OF INSTRUMENTS (§ 23*) — CONDITIONS PRECEDENT—RESTORA-
     TION OF STATU QUO.
     Equity will not avoid contracts made in good faith and for the benefit
     of an incompetent, unless the parties can be restored to statu quo.
     [Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig.
     § 32; Dec. Dig. § 23.*]

Appeal from Special Term, Kings County.

Action by William P. Dodd against William J. Anderson, as administrator of the estate of William H. Anderson, deceased. Appeal by defendant from an order (112 N. Y. Supp. 414) overruling a demurrer to the complaint. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Henry A. Powell, for appellant.
Robert H. Wilson, for respondent.

MILLER, J. The question involved in this case is whether a person named as executor in a paper purporting to be, and properly executed as, a will, may recover from the estate of the person who executed it the necessary and reasonable expenses incurred by him in an unsuccessful effort, made in good faith, to prove the paper as a will, where probate is denied on the ground that it was the result of insane delusions.

The appellant's position is based on the assertion that one thus named as executor is under no legal duty to propound the will for probate or to resist opposition to probate, and that the persons beneficially interested are the only ones concerned. But this position ignores the supposed testator. The law gives to every one competent to do it the right to make a will and to select some one in whom he has confidence to execute it. It is easy to conceive of many valid wills which the parties directly interested might not care to have probated, but that furnishes no reason for setting aside or ignoring such an instrument. Presumably a testator relies upon his executor to have the will probated as well as to have its provisions executed after probate. It is commonly understood, as shown by the text-books, the statute, and the reports, that it is the right and may be the duty of an executor to propound the will for probate. Schouler on Executors, §§ 53–64; 1 Jessup's Surrogate's Practice, 302; Code Civ. Proc. § 2614; Paxton v. Brogan, 58 Hun, 610, 12 N. Y. Supp. 563; Douglas v. Yost, 64 Hun, 155–162, 18 N. Y. Supp. 830; Young v. Brush, 28 N. Y. 667. Indeed, it seems that the rule in England was that the executor alone

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

could prove the will; and, if he did not offer it for probate, the practice was to cite him either to prove the will or to renounce. Williams on Executors, 258. While the duty is of imperfect obligation, no one being obliged to assume it, if once assumed, it becomes a legal duty the same as every trust duty is. The instrument propounded is a will the same before as after probate. Probate is but the preliminary step, prescribed by law, to the execution of the trust; and, if the trust is accepted, it is the executor's duty to take the preliminary step, if that be necessary, the same as it is his duty to execute the provisions of the will after probate. The duty begins when the trust is accepted. At common law an executor could do anything before probate which did not call upon him to produce the evidence of his authority; and, though his authority to act before probate may to some extent have been limited by statute, it is still generally recognized that he may do whatever may be needful. He may, indeed, if there is no one else to do it, he must, arrange for the proper burial of the deceased. In a proper case he may take possession of property to preserve it. While the payment of funeral expenses by one, though not an executor, may be justified by necessity, the relation of the executor to the subject is as executor, and his duty respecting it may well be classed with his duty to propound the will.

The question is, then: Must an executor determine at his peril whether the paper is a will before accepting the trust imposed by it? If so, few will be found willing to incur the risk of a mistake, and the solemn act of the testator may be rendered nugatory at the volition of those whose selfish interests may be served. It follows from what has been said that the appointment of an executor is an implied direction and authority to propound the will for probate, and that, with the implied direction, is the correlative implied promise that the executor shall be reimbursed out of the estate for all reasonable and necessary expenses incurred, and so the cases say. Douglas v. Yost, supra; Matter of Hutchison, 84 Hun, 563–566, 32 N. Y. Supp. 869. But it is said that, as it turned out, there was no will and consequently no implied authority nor promise. An insane man is incapable of contracting; but, before inquisition found, his contracts are voidable, not void. While no one will be permitted to retain a benefit or advantage gained over an incompetent, equity will not avoid contracts made in good faith and for the benefit of the incompetent, unless the parties can be restored to statu quo. Loomis v. Spencer, 2 Paige, 153; Baldwin v. Golde, 88 Hun, 115, 34 N. Y. Supp. 587; Mutual Life Ins. Co. v. Hunt, 79 N. Y. 541; Riggs v. American Tract Society, 84 N. Y. 330; Carter v. Beckwith, 128 N. Y. 312–321, 28 N. E. 582.

Sanity is presumed. In this case the plaintiff was named as executor by an apparently sane man, indeed by one who was doubtless capable of contracting. It turned out that he entertained an insane delusion which controlled, and therefore invalidated, the attempted disposition of his property; but the plaintiff had no knowledge of that. He accepted what he had the right to suppose was a trust confided to him. He acted upon the supposed direction and promise, and presumably for the benefit of the estate, of the said alleged testator. The probate of

the will is for the benefit of the estate, since only so can it legally be administered, and, if one is ever justified in acting upon the request of another, he must be justified in seeking to carry out, after such other's death, his wish solemnly declared by what purports to be his will. Of course, he must act in good faith and with reasonable diligence to ascertain the facts; but, if he does that, there is no more reason for rewarding his fidelity with pecuniary loss than there is to avoid all contracts of incompetent persons, regardless of circumstances or consequences. It might seem at first blush that sections 2558 et seq. of the Code of Civil Procedure, prescribing what costs may be allowed by the Surrogate in probate proceedings, were intended to be exclusive, but, if so, they must be exclusive whether the contest is successful or not; and it is settled that executors and trustees may be reimbursed for their reasonable expenses, independently of Code provisions, regulating the allowance of costs. Matter of Holden, 126 N. Y. 589, 27 N. E. 1063, and cases cited. We are aware of no case in this state deciding the precise question involved here, namely, the right to maintain an action against the estate of a decedent to recover expenses incurred under the circumstances disclosed in this case; and we have not overlooked decisions in other jurisdictions opposed to such right. Among which see Yerkes's Appeal, 99 Pa. 401–409, and cases cited; Kelly v. Davis, 37 Miss. 76–108, and cases cited; Moyer v. Swygart, 125 Ill. 262, 17 N. E. 450; Brown v. Eggleston, 53 Conn. 110, 2 Atl. 321. Those decisions were made on the assumption that an executor who defends a suit to set aside the probate of a will does so, not for the benefit of the estate, but as the agent and for the benefit of those interested in sustaining the will, the devisees and legatees, to whom he must look for payment of expenses, whereas, the executor is the representative of the testator, not of the legatees or devisees; and the question is whether the law will protect him in acting upon the apparent authority with which he justly and in good faith believes he has been clothed. Another mistaken assumption, as I think, is that the expenses of opposing a successful contest, if allowed, are paid out of the property of the heir or distributee, whereas his property is only what he is entitled to receive pursuant to the statutes of descent or distribution after the debts of the decedent, the funeral expenses, the expenses of administration, and of the probate proceedings, if there be what purports to be a will, are paid. The courts of this state have not assented to the doctrine of those cases, but have asserted the right of the executor to be reimbursed for expenses incurred in good faith, even where he is ultimately unsuccessful, either in probating the will or in sustaining some of its provisions. Shaffer v. Bacon, 35 App. Div. 248, 54 N. Y. Supp. 796, affirmed 161 N. Y. 635, 57 N. E. 1124; Matter of Title Guarantee & Trust Co., 114 App. Div. 778, 100 N. Y. Supp. 243, affirmed 188 N. Y. 542, 80 N. E. 1121; Matter of Blair, 49 App. Div. 417, 63 N. Y. Supp. 678; Id., 67 App. Div. 116, 73 N. Y. Supp. 675, 97 App. Div. 507, 90 N. Y. Supp. 190. In the Shaffer Case the suit was brought by an administrator de bonis non of the alleged testator to recover from attorneys the moneys of the estate paid to them by one named as executor in a paper purporting to be a will for services in probating the will

and in resisting a successful appeal. The right of the executor to make the payment was, of course, directly involved in the right of the attorneys to retain the money paid. In the Matter of Blair it was held that one to whom letters testamentary had been issued, but which were, of course, revoked upon the revocation of probate, was entitled to be reimbursed for the expenses incurred by him in resisting the opposition to probate, and that allowance therefor should be made upon his accounting as executor. In the Matter of Title Guarantee & Trust Co. the right of executors to be reimbursed out of the estate for expenses incurred in good faith in undertaking to sustain a void provision of the will was established. Those cases decided everything involved in this case, except the right to maintain this suit, but that right follows from the right of reimbursement. It surely cannot matter that the paper has once been admitted to probate, and that letters testamentary have been issued. Where letters have once been issued, an allowance may be made on the accounting of the person to whom the letters were issued. But the right to reimbursement must be the same in either case; and, where letters have not been issued, reimbursement can only be compelled by a suit like this.

The judgment should be affirmed.

Interlocutory judgment affirmed, with costs. All concur.