In the Matter of the Probate of the Will of HENRY REIMERS, Deceased.

FRED ANTUSCH et al., Appellants; EDNA L. WEIGELT, Respondent.

(Argued March 9, 1933; decided April 11, 1933.)

*Stanley C. Fowler, Herman B. Forman* and *Richard A. Geis* for appellants. The contesting executors, having actually and in good faith initiated the proceeding, were, although unsuccessful, entitled to necessary disbursements made and expenses incurred and the Appellate Division erred in striking these items from the probate decree. (Surr. Ct. Act, § 278; *Matter of Staiger,* 249 N. Y. 229.)

*Arthur T. O'Leary* and *Stanley C. Simmons* for respondent. The Appellate Division correctly modified the decree by striking therefrom the allowance of disbursements and expenses. (*Matter of Town of Hempstead,* 36 App. Div. 321; *Cassidy* v. *McFarland,* 139 N. Y. 201; *Dodd* v. *Anderson,* 197 N. Y. 466; *Matter of Waldron,* 74 Misc. Rep. 310; *Matter of Pinkney,* 117 Misc. Rep. 262.)

CRANE, J. The court decided in *Dodd* v. *Anderson* (197 N. Y. 466) that an executor named in a purported will was not entitled to his disbursements where the will offered by him was refused probate. This decision reversed the reasoning of the lower courts in the same case (112 N. Y. Supp. 414; 131 App. Div. 224). Where the will had first been admitted to probate, but subsequently probate was refused and the will rejected, this

court had said that the executor was entitled to his disbursements. (*Shaffer* v. *Bacon*, 35 App. Div. 248; affd., 161 N. Y. 635.)

This anomalous condition of the law was immediately rectified by the Legislature in an amendment to the statute (Code Civ. Pro. § 2746; Surr. Ct. Act, § 278). (*Matter of Staiger*, 249 N. Y. 229.) The purpose of this amendment was to recognize the duty resting upon an executor named in a will to take diligent and active steps to procure its probate and to protect it from attack from any source. To enable him effectually to perform this duty, the amendment allowed him, in the discretion of the Surrogate, not only statutory costs, but all necessary disbursements and expenses incurred in the attempt to sustain the will, whether he succeeded or not. Innumerable are the grounds upon which the paper purporting to be the last will and testament of a deceased may be attacked. We are familiar with the many cases involving forgery, undue influence, insanity, failure to execute and publish as required by statute, or the production of another instrument purporting to be a later will. In all these instances, even including the last, the duty of an executor is to appear and protect the will wherein he is named. And this duty is the same, whether the executor be the proponent or the contestant; in fact, he only becomes the contestant when there be a rival will.

In this case there were two wills, one dated October 11, 1923, and the other November 23, 1928. In the first will, the appellants, Fred Antusch and John Bahrenburg, were named as executors. Upon the death of the testator, Henry Reimers, November 27, 1930, they immediately offered the will for probate and issued all necessary citations. Later, and on December 15, 1930, the second will was offered for probate, wherein Edna L. Weigelt, a grandniece, was named executrix. The contest revolved around the execution of the second will, and we have three volumes of testimony bearing upon the family

relationships, the circumstances under which the first will was executed, and the alleged undue influence, by which it was revoked, through the execution of the second will. Whatever form the contest took, the object in view was to ascertain the last will of Henry Reimers. Having been named as executors in the will of October 11, 1923, first offered for probate, it was the duty of Antusch and Bahrenburg to make all reasonable efforts to establish and maintain it. The law does not contemplate that an executor in a will shall become merely a nominal contestant on the production of a later will which may be void for many reasons. In fact, the burden of expense and disbursement may become more necessary with the production of another will than if the original will went through probate without contest.

The Surrogate allowed these unsuccessful executors costs, disbursements and counsel fee. The Appellate Division struck out the disbursements and counsel fee as not being within the provisions of section 278 of the Surrogate's Court Act. This we think is too narrow a view to take of that liberalizing provision. The section reads: " When the decree is made upon a contested application for probate of a will, costs, payable out of the estate or otherwise, shall not be awarded to an unsuccessful contestant of the will, unless he is a special guardian for an infant or incompetent, appointed by the surrogate, or is named as an executor in a paper propounded by him in good faith as the last will of the decedent; but where a person named as the executor in a will propounds the will for probate, such person so named as executor may, whether successful or not, in the discretion of the surrogate, be awarded costs and all necessary disbursements made by him and all expenses incurred in the attempt to sustain the will."

The Appellate Division construed this section to mean that the statutory costs only were to be awarded to the unsuccessful executor, when, because of a later will, he

became a contestant, and that his disbursements and expenses could only be given when he was a proponent, which, of course, would be confined to cases where there was no later will. We read this section as meaning that costs shall not be awarded to an unsuccessful contestant unless he is named as an executor in a paper propounded by him in good faith as the last will of the decedent, *in which case*, such person, so named, whether successful or not, in the discretion of the Surrogate, may be awarded, not only costs, but necessary disbursements and all expenses incurred in the attempt to sustain the will.

This court stated in *Matter of Lasak* (131 N. Y. 624, 626), regarding probate proceedings, the following: "After the petition was filed with the surrogate and the proper parties had been cited and were before him, he had jurisdiction of the subject-matter and of the parties. It was a proceeding *in rem* to prove the will. All the parties could become actors therein. * * * After the proceeding is once instituted, and the parties cited are before the surrogate, it is not solely the proceeding of the proponent. It is a proceeding in behalf of all the parties interested to prove the will."

In affirming *Matter of Devine* (229 App. Div. 809; 255 N. Y. 634) we did not hold that the Surrogate as a matter of discretion could not give an unsuccessful executor disbursements and expenses incurred in contesting the probate of a later will. The Appellate Division in that case held that the Surrogate had not properly exercised his discretion in denying costs, and we affirmed the ruling. In the case now before us, the Surrogate, in the exercise of his discretion, has allowed the disbursements and counsel fee. His power so to do was not involved in the *Devine* case. These items the Appellate Division, as matter of law, has stricken out, on the ground that section 278 of the Surrogate's Court Act does not allow them. This we think was error.

The order of the Appellate Division should be modified

in so far as it modified the decree of the Surrogate's Court by striking out the disbursements and counsel fee awarded to the executors named in the prior will, and the decree of the Surrogate affirmed. As thus modified, the order of the Appellate Division should be affirmed, with costs in this court to all parties filing briefs, payable out of the estate.

POUND, Ch. J., LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur; HUBBS, J., not sitting.

Ordered accordingly.