In the Matter of the Accounting of ANGELINA MEROLLA, as Administratrix of the Estate of FRANK MEROLLA, Deceased.

Surrogate's Court, Suffolk County, October 6, 1953.

*Alice Dillingham* for administratrix.

*Vito F. Lanza* and *Charles J. Costabell* for Mary Mescia and another, proponents.

HAZLETON, S. This is an application by counsel for allowances. Objections were filed to the probate of the paper offered as the will of Frank Merolla. After five days of trial, the objections relating to the factum of execution were withdrawn, the objections relating to undue influence were dismissed, and the sole question submitted to the jury was the testamentary capacity of the deceased. The jury answered that question in the negative thus defeating the will. An appeal was taken only to be thereafter withdrawn. The attorney for the successful contestants contends that the defeated proponents are not entitled to any allowance upon the grounds that proponents in propounding the defeated paper acted in bad faith. Concededly, if this be the truth, the proponents should not be allowed costs or expenses. Conversely, if the paper was propounded in good faith, proponents, in the discretion of the Surrogate, can be allowed "not only statutory costs, but all necessary disbursements and expenses in the attempt to sustain the will, whether he succeeded or not." (*Matter of Reimers,* 261 N. Y. 337, 339; *Matter of Staiger,* 249 N. Y. 229, 234; *Matter of Brewer,* 277 App. Div. 1008.)

I believe the paper was propounded in good faith.

It is further submitted by contestants that even though proponents be entitled to an allowance for their attorney of record, they cannot also be granted an allowance for a trial counsel. It is true that if trial counsel was unnecessary and both attorneys performed the same services, only one allowance should be made. However, in this trial the attorney of record who drew the will was under direct attack which involved his integrity as a lawyer. He had to testify at length and also actually participate in the entire trial. Under such circumstances, I consider trial counsel both necessary and proper. In addition, it appears that trial counsel was employed by the proponents, who were two of the executrices named in the will.

The size of the estate is pertinent when it comes to the amount to be allowed for the expenses incurred for counsel and since the parties do not agree as to the size of the estate, I will follow the figures fixed in the inheritance tax proceeding. *Matter of Brewer* (*supra*) I consider a good guide in fixing allowances herein.

Alice Dillingham, attorney for the administratrix and attorney in this accounting proceeding, is allowed the sum of $1,000.

Proponents of the will are allowed the sum of $4,000.

I feel sure the attorney for contestants has his own arrangement with his clients anent compensation, and hence needs no help from me.

I am aware that any allowance granted herein, although made to parties to the proceeding, may be directed to be paid to the attorneys rendering services. (Surrogate's Ct. Act, § 278.) Both attorneys for proponents rendered services in the trial of the contest. Therefore, the decree will direct that payment of the allowance granted proponents herein be paid in the following manner, that is $2,500 to Vito F. Lanza, Esq., attorney of record for proponents, and $1,500 to Charles J. Costabell, Esq., trial counsel for proponents.

Enter decree accordingly on notice.