## 17960

*Ex parte* Frances Osgood GRANT, as Executrix and Trustee named in the Will, and as beneficiary under said Will, Appellant, v. Austin B. OSGOOD, Respondent. IN RE ESTATE and Last Will and Testament of Laird Branch OSGOOD.

(127 S. E. (2d) 202)

*Messrs. Hagood, Rivers & Young* and *Sinkler, Gibbs & Simons,* of Charleston, *for Appellant,*

*Messrs. Jacobson & Rosenblum* and *Jack White,* of Charleston, *for Respondent,* 

September 4, 1962.

Bussey, Justice.

Laird Branch Osgood, a resident of Charleston County, South Carolina, died July 8, 1961, aged eighty-four, leaving a will dated August 15, 1947, and republished June 28, 1951. In effect, this will left a life interest in her estate to her two children, Austin B. Osgood and Frances Osgood Grant, the parties to this action, with the remainder to certain grandchildren, now minors. She appointed her son and her daughter Executor and Executrix and Testamentary Trustees.

The testatrix's daughter, the appellant, Frances Osgood Grant, filed the will for probate in Charleston County on July 11, 1961. She also filed in the Charleston County Probate Court a caveat and petition for the issuance of a rule to show cause against her brother, Austin B. Osgood, why the Probate Court should not deny him qualification as fiduciary under his mother's will on the ground that he was not a fit, proper or suitable person to serve in that capacity. The caveat and petition and rule to show cause were served upon the respondent, Austin B. Osgood, July 13, 1961.

The respondent, reserving all rights to determine the validity of the will by Laird Branch Osgood, filed a return to the rule denying the material allegations of the petition

and caveat, and also asserting lack of jurisdiction on the part of the probate court to determine his qualifications as fiduciary. At the same time he filed a motion for dismissal of the rule on the grounds:

"(a) That the Probate Court had no jurisdiction to issue the rule or make any determination upon it, and

"(b) That, if the Probate Court does have jurisdiction, the same is limited to a determination as to who was named as Executor in the Will, and

"(c) Since the petititon alleged that Austin B. Osgood was named in the Will there was no question before the court in this regard."

The matter was heard by Honorable Gus H. Pearlman, Judge of Probate of Charleston County, on July 21, 1961, and the court by its order dated July 26, 1961, overruled the respondent's jurisdictional objections, and after taking considerable testimony as to whether respondent was a fit and proper person to be entrusted with fiduciary duties, held that the respondent was not qualified to assume fiduciary duties under the Last Will and Testament of his mother. The appellant qualified as executrix, and the will of Laird Branch Osgood was admitted to probate in common form.

The matter was duly appealed to the Court of Common Pleas and, by order dated December 22, 1961, Honorable James Hugh McFaddin, Presiding Judge of the Ninth Judicial Circuit, reversed the order of the Probate Judge and directed that Letters Testamentary be issued to Austin B. Osgood as provided in the will.

This appeal followed in due course.

The appellant proposed to include in the statement of the case the following:

"On December 29, 1961, Austin B. Osgood filed in the Probate Court for Charleston County and served upon respondent a Notice that he would require, pursuant to Section 19-255 of the South Carolina Code of Laws of 1952, as a-

mended, proof in solemn form of the Will of Laird Branch Osgood reciting that the said Austin B. Osgood 'as an individual and heir of the decedent is interested to invalidate such alleged will.' "

The trial judge, in an order settling the case, refused to allow the inclusion of the forgoing, which order has also been appealed from. In this, we think the circuit judge was in error.

The quoted language was, in our opinion, properly includable in the statement even though it referred to a fact occurring after the decision of the case. It threw light upon the only question involved in the principal appeal and is neccessary to a proper understanding and disposition of that question. Supreme Court Rule 4, Section 3.

The only real issue presented by the principal appeal is whether the Probate Court of Charleston County has the power or authority to refuse to qualify an executor, named in a will, who meets the statutory qualification of being twenty-one years of age and is neither a lunatic nor an idiot, on the ground that he is otherwise unfit to be entrusted with fiduciary duties.

Under the circumstances of this case, and for the reasons hereinafter set forth, we think the action of the respondent has rendered this issue at least speculative, if not moot, at the present time.

It is well settled that this court will not concern itself with either moot or speculative questions, or decide by anticipation questions which may hereafter arise. *Berry v. Zahler,* 220 S. C. 86, 66 S. E. (2d) 459; *Clark v. Wright,* 24 S. C. 526; *State v. Gathers,* 15 S. C. 370.

Section 19-432 of the Code requires a party upon qualifying as an executor to take an oath, a part of which is as follows:

"I do solemnly swear that this writing contains the true last will of the within named AB, deceased, so far I know or believe and that I will well and truly execute the same."

An executor designated in a will is not required to qualify if he does not wish to do so, but if he accepts the trust, he is required to execute it in accordance with law. *Beacham v. Ross,* 190 S. C. 219, 2 S. E. (2d) 690. It is inconceivable that one should be allowed to accept a trust, take a solemn oath to execute the same, and in the same breath and at the same time, attack the instrument, which created the trust, as being invalid.

With respect to the renunciation of an executorship or trusteeship, the following quotation from 33 C. J. S., Executors and Administrators, § 29, p. 919, is applicable:

'Except as the rule may be altered by statutes to the contrary, no particular form of renunciation is required, and without an express declaration to that effect one's renunciation may be implied from the circumstances, and on such a showing the court may commit the trust to others."

Although, as shown in the footnotes to the foregoing section, there is some authority to the contrary, the better reasoned cases from other jurisdictions support the proposition that filing a caveat or otherwise opposing the probate of a will is equivalent to a renunciation. *Briggs v. Probate Court of Westerly* (1901), 23 R. I. 125, 50 A. 335; *Schwartz v. Schwartz* (1945), 67 Cal. App. (2d) 512, 155 P. (2d) 76.

In each of the cited cases, just as in the instant case, there were co-executors with one executor accepting the trust and proposing the will for probate, and the other co-executor contesting and opposing said will.

There is some authority from other jurisdictions to the effect that under some circumstances an executor may retract a renunciation. No such issue is now before us, nor would we be justified, on the record before us, in holding that the respondent has completely or finally renounced any right to qualify as executor and/or trustee.

We do hold, however, that an executor cannot properly qualify so long as he is actually contesting the instrument which creates the trust he proposes to ac-

cept. It would be a mockery to allow respondent to qualify as executor and trustee while occupying the status of an opponent of the will. Should the respondent be successful in his contest of the will, the primary issue involved in the appeal would, of course, become unqualifiedly and permanently moot.

It follows that the respondent, by his action, has rendered the order of the circuit judge, directing the Probate Court to qualify him as executor, inoperative and ineffective in the present state of the record. Consequently, it is, to say the least, speculative as to whether any judgment on the part of this court at the present time, either affirming or reversing the circuit judge in this particular, could ever be finally effective or operative.

We, therefore, leave undecided the issue raised by the appeal from the order of the circuit judge reversing the Probate court and remand the cause with leave to each of the parties to relitigate that issue should such issue, perchance, become no longer speculative or moot.

The order of the circuit court settling the case on appeal is, for the reasons set forth above, reversed, and the cause is remanded for futher proceedings, consistent with the views herein expressed, which the respective parties may deem advisable.

Reversed and remanded.

TAYLOR, C. J. and Moss, LEWIS and BRAILSFORD, JJ., concur.