John D. Bennett, S.
The contested probate proceeding being now concluded, on the settlement of the decree two applications are presented requesting an allowance of costs and disbursements for each party pursuant to SCPA 2302.
This proceeding was somewhat unusual and at times the court and the parties themselves were confused as to which should be designated as proponent and which as contestant. The proceedings were initiated by a petition of John Esposito propounding the instrument dated September 30,1966 as the last will and testament of the decedent. This petition was later withdrawn and a so-called supplemental petition filed by him alleging that he had discovered facts and evidence causing him to believe that said instrument should not be admitted to probate but rather an earlier instrument dated June 14, 1965, which he has since then pressed for probate. Two additional instruments, each purporting to be the last will of the decedent, dated September 15 and 20,1966, were also filed by the said petitioner, but no party asked for probate thereof.
Michael Cosentino and Angelina Cosentino, terming themselves “ contestants ”, filed objections to the supplemental petition and they offered for probate the instrument of September 30, 1966. According to the customary rule that the validity of the latest instrument should be determined first, the court thereafter considered John Esposito as the contestant and the other parties as proponents (see decision dated Oct. 31,1967).
The issues were brought to trial and with the assistance of a jury the court determined that the instrument dated September 30, 1966 had been duly executed and was in fact and in law the last will and testament of the decedent. The successful parties were therefore the Cosentinos, and John Esposito was unsuccessful insofar as his prayer for relief was concerned. The court has thus reviewed the position of the parties because costs as a general rule are awarded to the prevailing party and SCPA *950 2302 (snbd. 3 par. [a]) provides that costs may not be awarded out of the estate or otherwise to an unsuccessful contestant unless he be, among other things, 11 named as executor in the will propounded by him in good faith ’ ’. The successful parties here now urge the court to find that the conduct of John Esposito ‘ ‘ reeks of bad faith ’ ’ and that he should not only be denied any allowance of costs or disbursements but should be personally charged for the costs due the successful parties.
In Matter of Reimers (261 N. Y. 337) the question of costs and allowances was discussed at length because the Appellate Division had struck out an allowance which the Surrogate had made to the unsuccessful executors as not being within the provisions of section 278 of the Surrogate’s Court Act, that being the statute which is now superseded by SCPA 2302. In the Beimers ease the Court of Appeals reinstated the Surrogate’s ruling and quoted from its earlier decision in Matter of Lasak (131 N. Y. 624, 626, 627), stating that after a petition is filed with the Surrogate and he has jurisdiction of the subject matter and of the parties, all of the parties ‘ could become actors ’ ’ and “ it is not solely the proceeding of the proponent. It is a proceeding in behalf of all the parties interested to prove the will.” The court also said in Beimers, at page 340: “ Whatever form the contest took, the object in view was to ascertain the last will * * * . Having been named as executors in the will * * * first offered for probate, it was the duty of ’ ’ the executors named “ to make all reasonable efforts to establish and maintain it. The law does not contemplate that an executor in a will shall become merely a nominal contestant on the production of a later will which may be void for many reasons. In fact, the burden of expense and disbursement may become more necessary with the production of another will than if the original will went through probate without contest.” (Italics supplied.)
■ It so happens that John Esposito was nominated as executor in both of the instruments propounded here, the instrument offered by him as well as the instrument now probated. The Legislature has not altered the duty of the nominated executor, as set forth by the Court of Appeals. Under the SCPA he still has a duty to make all reasonable efforts to establish the instrument naming him as executor and we can see no difference because a person happens to be nominated as executor in several instruments. We hold that he should not be penalized merely because he urges the probate of one of them and does not succeed in persuading a court (or jury) that his choice was correct, so long as he has acted in good faith. This does not mean that a *951 nominated executor may act arbitrarily or be motivated solely by personal gain.
On the trial here, the proof adduced by the contestant who sought to offer the earlier will was obviously weak. A verdict in his favor might properly have been set aside by the court as contrary to the weight of evidence. The court nevertheless finds that he did not act in bad faith, but merely fulfilled his duty to propound one of the instruments. :
The Oosentinos on the other hand did successfully sustain the later will, to the satisfaction of the court and the jury.
Under all the circumstances and in the exercise of its discretion, the court directs that both bills of costs and disbursements be allowed, payable out of the estate, and payable to the attorneys.