1363

Patrick G. MAURO, Appellant-Respondent v. Frank H. CLABAUGH, Respondent-Appellant.

(383 S. E. (2d) 244)

Court of Appeals

*Francis T. Draine*, Columbia, *for appellant-respondent.*

*James M. Herring*, Hilton Head Island, *for respondent-appellant.*

Heard May 15, 1989.

Decided July 3, 1989.

GOOLSBY, Judge:

This is an action for legal malpractice brought by Patrick G. Mauro against Frank H. Clabaugh. The trial court granted Mauro's motion for voluntary dismissal without prejudice but conditioned its dismissal without prejudice on the payment by Mauro of Clabaugh's costs, including attorney fees, prior to his filing any new complant alleging the same claim against Clabaugh. The trial court, after allowing Clabaugh to amend his counterclaim so as to increase the amount of damages sought, also granted Clabaugh a default judgment on his counterclaim. Mauro appeals. Mauro questions the trial court's requirement that he pay Clabaugh's attorney fees as a condition of voluntary dismissal without prejudice, its grant of Clabaugh's motion to amend his counterclaim, and its failure either to treat Clabaugh's coun-

terclaim as a setoff or to grant him leave to file a reply to Clabaugh's counterclaim. Clabaugh also appeals. He attacks the order settling the record on appeal. We affirm the order granting Mauro a voluntary dismissal without prejudice and the judgment entered on Clabaugh's counterclaim; however, we reverse in part the order settling the record.

In answer to Mauro's complaint for legal malpractice, Clabaugh, among other things, interposed as "A FIFTH DEFENSE AND COUNTERCLAIM" that Mauro owed him $2,496.81 for his successful handling of Mauro's case.

Mauro did not reply to Clabaugh's counterclaim. He did not do so because his attorney deemed the counterclaim a setoff and not a counterclaim requiring a reply.

Mauro announced at a roster meeting that his case against Clabaugh was ready for trial. When the trial court called the case for trial, however, Mauro moved for a voluntary dismissal of his complaint without prejudice under Rule 41(a)(2) of the South Carolina Rules of Civil Procedure.

The trial court granted Mauro's motion, but conditioned the dismissal of Mauro's complaint on the payment by Mauro of Clabaugh's "costs" prior to any filing of another complaint alleging the same claim against Clabaugh. *See* S. C. R. Civ. P. 41(a)(2) (the trial court may grant a voluntary dismissal without prejudice to a plaintiff "upon such terms and conditions as the court deems proper"). In a separate hearing, the trial court determined that Clabaugh's costs totalled $5,876.25. So far as we can tell, these costs represented only the attorney fees that Clabaugh incurred in defending Mauro's complaint.

After the trial court dismissed Mauro's complaint, it entered default against Mauro because of his failure to reply to Clabaugh's counterclaim.

At the hearing thereafter conducted to determine the amount of damages due Clabaugh on his counterclaim, Clabaugh presented evidence, without objection, indicating that Mauro owed him $3,224.26 in attorney fees for having represented Mauro in the action on which Mauro based his claim against Clabaugh. Over Mauro's objection, the trial court allowed Clabaugh to amend his counterclaim so as to increase the amount sought as damages from $2,496.81 to $3,224.26. The trial court subsequently entered judgment on

Clabaugh's counterclaim in the amount of $2,686.43, plus statutory interest from the date of judgment.

## I.

Before we reach the questions raised by Mauro in his appeal, we must first determine if the trial court erred, as Clabaugh asserts, in settling the record on appeal. Clabaugh contends "the entire transcript is relevant" and should have been made a part of the record on appeal.

While we disagree with Clabaugh that "the entire transcript is relevant," we hold that some of the material submitted by Clabaugh is relevant to the issues presented by Mauro's appeal and that the trial court erred in not including it as part of the record on appeal. This material, which we now deem to be part of the record on appeal because it aids our proper understanding of the questions involved on appeal and is necessary to our disposition of these questions, consists of some dialogue between the court and counsel concerning expenditures made by Clabaugh for having to defend the action brought by Mauro, of a letter from Clabaugh's attorney to Mauro's attorney suggesting that he serve a reply to Clabaugh's counterclaim, and of the proceedings to determine the amount of damages due Clabaugh on his counterclaim. *See Grant v. Osgood*, 241 S. C. 104, 127 S. E. (2d) 202 (1962) (trial court should have included material that threw light upon the question involved on appeal and was necessary to a proper understanding and disposition of the question); *Gilmore v. Ivey*, 290 S. C. 53, 348 S. E. (2d) 180 (Ct. App. 1986) (trial court properly included material necessary to an understanding of the issues on appeal).

We, therefore, reverse the order settling the record on appeal to the extent that it failed to order the inclusion of the aforementioned material as part of the record on appeal.

## II.

By his first exception, Mauro contends the trial court erred in granting his motion for voluntary dismissal of his complaint without prejudice by conditioning the dismissal of the complaint without prejudice on Mauro's

payment of Clabaugh's attorney fees before his filing of another action against Clabaugh alleging the same legal malpractice claim.

Mauro does not contend the trial court lacked the power to condition a grant of a dismissal under Rule 41(a)(2) upon the payment of attorney fees prior to the filing of any new action. *See Shipp v. Richardson Corporation of South Carolina*, 285 S. C. 460, 330 S. E. (2d) 291 (1985) (wherein the Supreme Court affirmed the imposition of attorney fees on the granting of a voluntary nonsuit but remanded the award for a proper determination); 5 J. MOORE, J. LUCAS, AND J. WICKER, MOORE'S FEDERAL PRACTICE para. 41.06 at 41-74—41-76 (1988) ("Alternatively, instead of conditioning an order of dismissal on the payment of the defendant's expenses, a court may grant a motion to dismiss, but condition any refiling of an action against defendant on payment of his expenses."). Rather, he contends the trial court erred in requiring him to pay Clabaugh's attorney fees as part of "costs" because, he says, the trial court led him to believe he would only be required to pay Clabaugh's "basic costs" and not his attorney fees.

After reviewing the entire record, we fail to see how Mauro can fairly claim he was misled by the trial court concerning what costs it intended to require Mauro to pay as a condition to the filing of another action against Clabaugh alleging the same claim.

The record reflects that, prior to ruling on Mauro's motion for a voluntary dismissal without prejudice, the court and counsel for both parties had an extensive discussion of the conditions that would be placed upon the dismissal. At one point, the court specifically asked of Clabaugh's attorney:

> Q. [By the Court]: Mr. Herring, what expenses [has Mr. Clabaugh] incurred thus far in preparation of the defense of this case through the time, effort, [and] involvement of counsel, and attendance at depositions? Do you have a time summary of the costs and expenses to [Mr. Clabaugh] up to date?

Clabaugh's attorney responded to the court's inquiry by summarizing what he had generally done in preparing for Clabaugh's defense and by advising the court that his billing

approximated $9,000 up to that point.

In view of the court's express inquiry into the expenses incurred by Clabaugh "in preparation of the defense of this case through the time, effort, [and] involvement of counsel," we do not see how Mauro could have reasonably concluded that the trial court would not include attorney fees as part of Clabaugh's "basic costs."

Mauro's first exception, therefore, has no merit. *See Shuler v. Crook*, 290 S. C. 538, 541, 351 S. E. (2d) 862, 863 (1986) ("[T]here is a court rule allowing the imposition of attorney fees on the granting of a voluntary nonsuit. . . .").

### III.

Mauro next contends the trial court erred in allowing Clabaugh at the judgment hearing to amend his counterclaim so as to increase the amount of damages prayed for in his counterclaim.

Mauro through his attorney actively participated in the judgment hearing to determine the amount of damages due Clabaugh on his counterclaim. As we mentioned, Clabaugh, without objection, introduced at the judgment hearing evidence indicating Mauro owed him $3,224.26, instead of $2,496.81, the sum Clabaugh sought in his counterclaim. As we also noted, the trial court, over Mauro's objection, granted Clabaugh's motion to amend the counterclaim to increase the amount of damages demanded. *See* S. C. R. Civ. P. 15(b) ("[An] amendment of the pleadings as may be necessary to cause them to conform to the evidence . . . may be made upon motion of any party at any time. . . .").

In arguing that the trial court committed reversible error in allowing the challenged amendment, Mauro relies on the first sentence of Rule 54(c) of the South Carolina Rules of Civil Procedure. It provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Mauro contends Rule 54(c) does not allow a trial court to permit a claimant to amend his original demand.

S. C. R. Civ. P. 54(c) is identical to F. R. Civ. P. 54(c). The authorities are in disagreement on the question of whether the federal rule precludes a plaintiff from amending his complaint at the judgment hearing. 6 J. MOORE, W. TAG-

GART, AND J. WICKER, MOORE'S FEDERAL PRACTICE para. 54.61 at 54-300 (1988); 10 C. WRIGHT, A. MILLER, AND M. KANE, FEDERAL PRACTICE AND PRO-CEDURE: CIVIL 2d § 2663 at 142 (1983).

We think the better rule to be, however, that where, as here, a plaintiff actively participates after his default in the hearing to determine the amount of damages sought by a defendant in his counterclaim, the trial court, in an exercise of its discretion, may allow the defendant, pursuant to Rule 15(b), to amend his counterclaim so as to increase the amount of damages demanded in the counterclaim. *See* 6 J. MOORE, W. TAGGART, AND J. WICKER, *supra* para. 54.61 at 54-300—54-301 ("Where, however, the defendant appears at the hearing on the application for judgment, the court, in the exercise, of a sound discretion, may permit the claimant to amend his prayer for relief.").

Once a defending party has received pleadings alleging a claim, the defending party, in considering whether he wants to spend the time and money necessary to defend the claim, should be able to base his decision on the relief requested by the claimant in his pleadings. 10 C. WRIGHT, A. MILLER, AND M. KANE, *supra* § 2663 at 142. Should the defending party, based solely on the relief requested by the claimant in his pleadings, decide not to enter a defense to the claim, it is unfair to allow the claimant to thereafter increase the amount of damages demanded by his pleadings. *Id.* at 140.

But there is a distinction between a default based on a total failure of a party to appear and a default occurring, like the one here, after the party has both appeared in the action and participated in the judgment hearing. In such a case, it is not unjust to allow the claimant to amend his demand for damages. Especially is this so where, as here, the amendment conforms the claim to evidence introduced without objection from the participating party against whom it was offered.

Under the circumstances, therefore, the trial court properly allowed Clabaugh to amend his counterclaim regarding the amount of damages sought.

## IV.

Lastly, Mauro contends the trial court erred as a matter of law and abused its discretion in "failing to grant [Mauro]'s motion to declare the counterclaim a setoff, or in the alternative, to grant him leave to file a reply to the counterclaim."

### A.

We find no merit to Mauro's contention that the trial court should have declared the counterclaim a setoff.

Rule 7(a) of the South Carolina Rules of Civil Procedure provides that "[t]here shall be ... a reply to a counterclaim denominated as such. ..." The designation given by the pleading party, rather than its legal content, normally determines whether a response is required. H. LIGHTSEY AND J. FLANAGAN, SOUTH CAROLINA CIVIL PROCEDURE at 250 (1985).

The counterclaim at issue here is clearly denominated as a counterclaim and, therefore, a reply was required. *See also* 2A J. MOORE AND J. LUCAS, MOORE'S FEDERAL PRACTICE para. 7.03 at 7-8—7-9 (1987) ("A reply is mandatory only to a counterclaim, including a set-off, denominated as such. ...").

### B.

We likewise find no merit to Mauro's contention that the trial court abused its discretion in not granting him leave to file a reply to Clabaugh's counterclaim.

The decision of whether to allow a reply to be made after the time allowed by the rules is one committed to the sound discretion of the trial court upon a showing of good cause. S. C. R. Civ. P. 6(b)(2). Its decision granting or denying the motion will not be disturbed, unless there is a clear showing of an abuse of discretion. H. LIGHTSEY AND J. FLANAGAN, *supra* at 232.

Here, Mauro did not demonstrate good cause. He failed to reply to the counterclaim despite the fact that it was designated as such and despite the fact that Clabaugh's attorney wrote Mauro's attorney specifically telling him that he had not received a reply to the counterclaim and that he "need[ed] some type of reply" to it.

A belief, without more, that a clearly denominated counterclaim constituted a setoff and therefore warranted no reply does not establish good cause.

Affirmed in part and reversed in part.

GARDNER and CURETON, JJ., concur.