1509

Kimberly Fay REGISTER, Appellant v. Richard L. DUKE, III, Respondent.
(394 S.E. (2d) 718)

Court of Appeals

*J. Dwight Hudson,* of *Hudson & Sweeny,* Conway, *for appellant.*

*D. W. Green, Jr.,* of *Green & Sasser,* Conway, *for respondent.*

Heard April 12, 1990.

Decided June 18, 1990.

SHAW, Judge:

Appellant, Kimberly Fay Register, appeals from an order granting her a voluntary nonsuit without prejudice conditioned upon the payment of $2,154.30 in costs to respondent, Richard L. Duke, III, before she may refile. We affirm.

Register and Duke were involved in an automobile accident in October 1984. Register brought suit against Duke and the matter was tried before a jury in May, 1988 resulting in a mistrial. When the case came up for trial in the July 18, 1988 roster, Register moved for a continuance based on her need for additional medical attention. The case was continued until

the August 29, 1988 term of court at which time Register again moved for and was granted a continuance as she was undergoing further medical treatment. The court advised Register's counsel to obtain a doctor's statement as to when Register would be able to go to trial. When the case appeared on the September 19, 1988 roster, the court was advised Register needed more surgery which was scheduled for October. The court again continued the case. When the case appeared on the October 10, 1988 roster, the court continued the case, but set the date of December 5, 1988 as a day certain for the trial. The court set this date in order to give Register time to recover from surgery and to give Register's counsel time to get the deposition from the doctor at Duke University.

As the December 5, 1988 term approached, Register moved for a continuance or, in the alternative, a voluntary nonsuit without prejudice in order to give her an opportunity to depose her doctor. The trial judge granted the voluntary nonsuit motion, but provided that costs in the amount of $2,154.30 be paid to Duke's attorney before Register could refile the suit.

Register first contends the trial judge erred in failing to grant her motion for continuance. The record before us contains no transcript of a hearing on this motion nor the motion itself. The order settling the record indicates the motions for continuances by Register "were made informally and were not put on the record." The order of the trial judge dated December 12, 1988 indicates only that a motion for a voluntary nonsuit without prejudice was before him with no mention of a motion for a continuance.

However, assuming a motion for continuance was properly before the trial judge, the record indicates the motion made at the time by Register was for either a continuance *or* a voluntary nonsuit without prejudice. The trial judge granted the alternatively requested relief of a nonsuit. Finally, because the trial judge did not address the issue of a motion for a continuance, there is no way for this court to determine whether he abused his discretion in failing to grant one. *See Roche v. S.C. Alcoholic Beverage Control Commission,* 263 S.C. 451, 211 S.E. (2d) (1975) (the purpose of an appeal is to determine whether the trial judge erroneously acted or failed to act and where the appellant's contentions are not pre-

sented or passed on by the trial judge, such contentions will not be considered on appeal). There is no indication Register made a motion under Rule 59(e) S.C.R.C.P. to alter or amend his order to consider a motion for a continuance. We therefore find the issue of a continuance is not properly before this court.

Register next contends the trial judge erred in taxing costs against her should she choose to refile. We disagree.

Rule 41(a)(2) S.C.R.C.P. provides in part:

. . . an action shall not be dismissed at the plaintiff's instance save upon order of the court and *upon such terms and conditions as the court deems proper.*

(emphasis added).

Under this Rule "instead of conditioning an order of dismissal on the payment of the defendant's expenses, a court may grant a motion to dismiss, but condition any refiling of an action against defendant on payment of his expenses." *Mauro v. Clabaugh*, 299 S.C. 184, 383 S.E. (2d) 244 (Ct. App. 1989).

Given the numerous continuances sought by and granted to Register in this case, we cannot say, based on the record before us, the trial judge abused his discretion in conditioning refiling on the payment of costs.

Finally, Register contends the trial judge erred in the amount of costs ordered arguing the costs were not itemized nor reviewed. We disagree.

While it is true the affidavit of costs submitted by Duke does not itemize nor break down the costs incurred, it does provide that costs in the amount of $2,154.30 were incurred including subpoenaing of witnesses, witness fees and taking of depositions. There is no indication that Register objected to the affidavit on the basis it failed to itemize the costs. Further, Rule 41(d) allows for recovery of the "costs of the action previously dismissed" but provides no specific limitation. As previously noted, the only costs which are not recoverable as a condition to refiling under Rule 41(d) are attorney's fees. According to the affidavit, the $2,154.30 figure does not include attorney's fees. Based on the record before us, we find no abuse of discretion in the amount ordered to be paid by Register as a condition to refiling.

For the foregoing reasons, the order below is

Affirmed.

BELL and GOOLSBY, JJ., concur.