THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jay and Meri
 Guerry, and Silo Oaks, LLC, Plaintiffs,
 
 
 

v.

 
 
 
 James Agnew and
 Virginia Agnew d/b/a  Agnew Arabians, Appellants,
 
 
 

v.

 
 
 
 Guerry and
 Guerry, LLC; Marsha Wright; The Marsha Wright Group, LLC, d/b/a Wright Group
 Realty; Century 21 Bob Capes Realtors; and Century 21, Third-Party
 Defendants,
 Of Whom Century
 21 is Respondent.
 
 
 

Appeal From Anderson County
 Alexander S. Macaulay, Circuit Court
Judge

Unpublished Opinion No. 2012-UP-182
 Submitted March 1, 2012  Filed March 14,
2012    

AFFIRMED

 
 
 
 Matthew W. Christian and W. Harold
 Christian, Jr., both of Greenville, for Appellants.
 Troy A. Tessier and J. Theodore Gentry, both
 of Greenville, for Respondent.
 
 
 

PER CURIAM: James
 Agnew and Virginia Agnew, d/b/a Agnew Arabians (Agnew Arabians), appeal the
 circuit court's ruling denying their motion for entry of default and allowing
 Century 21 Real Estate, LLC, (Century 21) to file a late answer, arguing the
 circuit court (1) erroneously relied upon Rule 55(c), SCRCP, instead of Rule
 6(b), SCRCP, and (2) failed to find good cause in support of its ruling.  We
 affirm.[1].  
1.  We
 disagree with Agnew Arabians that the circuit court erroneously relied upon
 Rule 55(c), SCRCP, for its ruling.  Although the order entered by the circuit
 court does not explicitly reference the rule relied upon for its ruling, the
 hearing transcript indicates the court acknowledged that Rule 55(c), SCRCP, did
 not apply because default had not yet been entered.  Accordingly, this argument
 is without merit.  
2.  Rule 6(b), SCRCP, states that "[w]hen by these
 rules . . . an act is required or allowed to be done at or within a specified
 time, . . . the court . . . may at any time in its discretion . . . upon motion
 made after the expiration of the specified period, for good cause shown, permit
 the act to be done."  A circuit court's decision to allow an enlargement
 of time pursuant to Rule 6(b), SCRCP, is within the discretion of the circuit
 court and will not be disturbed "unless there is a clear showing of an
 abuse of discretion."  Mauro v. Clabaugh, 299 S.C. 184, 191, 383
 S.E.2d 244, 249 (Ct. App. 1989).  
We find the circuit
 court did not abuse its discretion by denying Agnew Arabians' motion for the
 entry of default and allowing Century 21 to file a late answer.  Although the
 circuit court included no specific finding of good cause in its order denying
 the motion for entry of default, the evidence presented by Century 21 supported
 the circuit court's ruling.  Century 21 submitted an affidavit indicating that,
 after reviewing the third-party complaint, it sent a letter to Agnew Arabians
 requesting that it dismiss them from the action because none of the allegations
 involved Century 21.    Without responding to the letter, Agnew Arabians
 filed a motion for the entry of default.  Shortly after receiving the motion
 and before the court entered default, Century 21 filed its answer.  After
 determining Agnew Arabians would suffer no prejudice from allowing Century 21
 to file an answer and that the entry of default would be too harsh a sanction
 given the circumstances, the circuit court did not abuse its discretion by
 denying Agnew Arabians' motion to enter default and allowing Century 21 to file
 a late answer.  
AFFIRMED.
PIEPER,
 KONDUROS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.