OPINION OF THE COURT
Edward W. McCarty III, J.
Before the court in this contested probate proceeding is the question of whether the testator’s choice of a preliminary executor must be honored where his actions make clear that he does not support the admission of the will to probate. In this proceeding, two applications have been filed for the appointment of a preliminary executor. The first seeks an extension of preliminary letters testamentary previously issued to Seth Lublin, the son of the decedent and one of the nominated executors under the decedent’s last will and testament. The second seeks the revocation of preliminary letters issued to Seth Lublin and the issuance of preliminary letters testamentary solely to Dr. Michael Broder, a nominated successor executor.
Irving Lublin died on September 11, 2010. He was survived by his wife, Roselyn Lublin, and two children, Seth Lublin and Debra Rosa. Debra Rosa is disinherited and she filed objections to the probate of the decedent’s will. She alleges that the will being offered for probate is the product of undue influence by Seth Lublin and that the decedent lacked testamentary capacity. She further alleges that Seth Lublin has isolated Roselyn Lublin in order to unduly influence her as well.
With regard to the appointment of fiduciaries, the decedent nominated his wife, Roselyn Lublin, and his son, Seth Lublin, as co-executors. In the event that one of the nominated co-executors cannot act or ceases to act, the decedent nominates his nephew, Dr. Michael Broder, and his tax attorney, Lisa Blaustein, to act as successor to either of them. Roselyn Lublin and Seth Lublin were appointed by this court preliminary co-executors. Subsequent to the appointment, it was brought to the attention of the court that Roselyn Lublin was unable to serve in her fiduciary capacity. Seth Lublin thereafter sought an extension of the preliminary letters testamentary without notice to the nominated successor executors. Dr. Michael Broder seeks the revocation of Seth Lublin’s letters based on the lack of notice. Seth Lublin seeks the denial of preliminary letters testamentary to Dr. Broder on the grounds that Dr. Broder filed an affidavit with the court in which he averred that the will being offered for probate was essentially the product of undue influence on the part of Seth Lublin and that the decedent lacked testamentary capacity.
*723 With regard to the request to revoke Seth Lublin’s letters, the application is denied. As set forth in great detail in prior decisions of this court, there was confusion with regard to the status of Roselyn Lublin and her ability to act as a fiduciary. When the court first realized that Roselyn Lublin was unable to act and that an application to extend preliminary letters testamentary was pending, a decision was issued ordering the application be on notice to the successor executors. SCPA 1412 (2) (a) gives the court discretion regarding when notice of the application for preliminary letters may be given and specifically provides that notice may be given before or after the issuance of letters. Furthermore, not every breach of fiduciary duty warrants the removal of a fiduciary (Matter of Duke, 87 NY2d 465, 473 [1996]) and the court finds that the failure to provide notice of the application for an extension of preliminary letters does not warrant the drastic remedy of revocation or denial of letters to a nominated executor. In light of all of these factors, the court declines to revoke preliminary letters testamentary issued to Seth Lublin.
In the pending probate proceeding, a motion was made to exclude Roselyn Lublin and Seth Lublin from each other’s depositions. In support of the motion, Dr. Michael Broder filed an affidavit in which he stated:
“I am supporting Debbie [Debra Rosa] in her objection to the admission of the probate of Uncle Irv’s Will because I believe that he would not have disinherited Debbie if he was not suffering from the onset of dementia and he and Aunt Rozzie had not been pressured to do so by Seth.”
Dr. Broder further averred that whenever he and the decedent discussed the decedent’s will, the decedent always told him that Seth and Debbie were being treated the same. He also averred that he is convinced that Seth Lublin is alienating Roselyn Lublin from the rest of the family. Finally, Dr. Broder recited the multiple occasions which he explained were examples of incidents where Seth Lublin alienated the decedent and his spouse from relatives. It is entirely plausible, based on the affidavit, that Dr. Broder will be called as a witness in the probate proceeding.
The law is well settled that the testator’s choice of fiduciary must be given great deference and the surrogate’s power to refuse to grant letters is limited (Matter of Flood, 236 NY 408, 410 [1923]). It is also well settled that a nominated fiduciary is *724 not compelled to accept the office as the duty to propound the will “rests under a moral obligation . . . but it is not an imperative legal duty” (Dodd v Anderson, 197 NY 466, 471 [1910]). An executor further has a duty to make reasonable efforts to establish the instrument naming him or her as executor (Matter of Keating, 55 Misc 2d 948, 950 [Sur Ct, Nassau County 1968]).
In the instant proceeding, Dr. Broder wants to act as preliminary executor. At the same time, however, he has made clear that he believes that the decedent’s will is invalid. The question, therefore, is whether under these circumstances the court must appoint him or whether his actions amount to a renunciation. A nominated fiduciary may renounce the appointment which may be “express or implied ... in writing, or by matter in pais [outside of the court]” (Keith v Proctor, 114 Ala 676, 685, 21 So 502, 505 [1897]). A renunciation of the appointment of executor may be implied from the circumstances (see e.g. Ayres v Weed, 16 Conn 291 [1844]; Jaworski v Estate of Anderson, 1998 WL 893039, 1998 Conn Super LEXIS 3537 [Dec. 1, 1998, No. CV9705712995-S]; Keith v Proctor, 114 Ala 676, 685, 21 So 502, 505 [1897]; State ex rel. Abercrombie v Holtcamp, 267 Mo 412, 185 SW 201 [1916]; Briggs v Probate Ct. of Westerly, 23 RI 125, 50 A 335 [1901]; In re Schwartz’ Estate, 67 Cal App 2d 512, 155 P2d 76 [1945]). While never directly addressed in New York, other states have found where a co-executor questioned the validity of a will, he or she was found to have constructively renounced the appointment (Grant v Osgood, 241 SC 104, 109, 127 SE2d 202, 205 [1962]). In Grant v Osgood, the court noted “[i]t is inconceivable that one should be allowed to accept a trust, take a solemn oath to execute the same, and in the same breath and at the same time, attack the instrument” (241 SC at 109, 127 SE2d at 205). Similarly, the court in Rhode Island found a constructive renunciation of the office and stated “[hieing one of the executors named by the testator in his will, it was her duty to support the same, instead of seeking to overthrow it” (Briggs v Probate Ct. of Westerly, 23 RI 125, 130, 50 A 335, 337 [1901]).
In the instant proceeding, the court finds that Dr. Broder impliedly renounced his right as a nominated preliminary executor to participate in the proceeding to probate the decedent’s last will and testament. The court, however, is loathe to deprive him of the right to participate in the administration of the estate as preliminary executor as it was the decedent’s wish that he be appointed. However, SCPA 1412 (4) (a) empowers the court to *725 limit the authority of a preliminary executor “in any manner that the court deems advisable for the effective protection of the rights of all persons who may have an interest in the estate of the decedent.” Accordingly, Dr. Broder’s application to be appointed preliminary executor is granted but his actions as such are restricted solely to the administration of the estate. Having effectively renounced his right to participate in the proceeding to probate the will which he believes to be invalid, he has no authority to participate in any way in that matter other than, as indicated above, as a possible witness. Seth Lublin’s request to have his preliminary letters extended is granted.