**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Fifth Third Mortgage Company, Respondent,

v.

Tracy L. Liggett and South Carolina Department of Motor Vehicles, Defendants,

Of whom Tracy L. Liggett is the Appellant.

Appellate Case No. 2016-002559

_____

Appeal From Spartanburg County
Gordon G. Cooper, Master-in-Equity

_____

Unpublished Opinion No. 2019-UP-253
Submitted April 1, 2019 – Filed July 17, 2019

_____

**AFFIRMED**

_____

Tracy L. Liggett, of Greer, pro se.

Matthew Todd Carroll, of Womble Bond Dickinson (US) LLP, of Columbia, and Shelton Sterling Laney, III, of Womble Bond Dickinson (US) LLP, of Greenville; and Joshua L. Howard, of Blackstream, LLC, of Greenville, all for Respondent.

_____

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal . . . ."); *Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2011) ("At a minimum, issue preservation requires that an issue be raised to and ruled upon by the [circuit court]."); *James v. Anne's Inc.*, 390 S.C. 188, 193, 701 S.E.2d 730, 732 (2010) (stating "[t]his [c]ourt has the inherent authority to consider justiciability" and justiciability encompasses the doctrine of standing); *id.* at 193, 701 S.E.2d at 732-33 ("However, when a party belatedly attempts to raise the issue of standing, our courts have applied error preservation principles and held that the matter was not preserved for review whe[n] the [circuit] court was not given an opportunity to first rule on the issue."); *id.* (holding the issue of standing was not preserved because the parties did not raise it to the circuit court); *Duncan v. CRS Sirrine Eng'rs, Inc.*, 337 S.C. 537, 543-44, 524 S.E.2d 115, 119 (Ct. App. 1999) (holding the appellant's contentions were not preserved for appellate review when he failed to plead the issue, raise it to the circuit court, or argue it in a Rule 59(e), SCRCP, motion); Rule 40(i)(1), SCRCP ("[C]ounsel may request that [an] action be continued [for cause].  If good and sufficient cause for continuance is shown, the continuance may be granted by the court."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) ("A party *must* file [a Rule 59(e), SCRCP,] motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review."); *Register v. Duke*, 302 S.C. 195, 197-98, 394 S.E.2d 718, 720 (Ct. App. 1990) (holding the issue of whether the circuit court erred by refusing a continuance request was not preserved when the issue was raised to but not ruled on by the circuit court and the appellant made no Rule 59(e), SCRCP, motion); *Murphy v. Hagan*, 275 S.C. 334, 339, 271 S.E.2d 311, 313 (1980) (stating issues "not properly preserved by timely exception" are not preserved for appellate review); *Grant v. S.C. Coastal Council*, 319 S.C. 348, 356, 461 S.E.2d 388, 392 (1995) (finding the appellant's due process claim was not preserved when he raised the claim for the first time on appeal).

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.